Joplin Water Works Company, Appellant, v. Jasper County, City of Joplin and School District of Joplin.—38 S. W. (2d) 1068.

Division One, May 21, 1931.

*Geo. J. Grayston* and *Chas. M. Grayston* for appellant; *C. H. Dickey* of counsel.

*Russell Mallett, R. A. Pearson* and *Haywood Scott* for respondents.

966

*Leo H. Johnson* and *James E. Sater, Amici Curiae.*

STURGIS, C.—The opinion in this case written by Commissioner SEDDON meets with the approval of the other commissioners and the judges of Division One except as herein indicated. The opinion of Commissioner SEDDON, so far as approved, is as follows:

This controversy was submitted to the Circuit Court of **Jasper** County as an agreed case, setting forth the facts upon which the controversy depends, as is provided by Sections 1548 and 1549, Revised Statutes 1919. The facts upon which the controversy depends are agreed by the parties to be as follows:

"Come now Joplin Water Works Company, designated as plaintiff, and the County of Jasper, City of Joplin, and School District of Joplin, designated as defendants; and state that they are parties to a question in difference which might be the subject of a civil action, and hereby and herein agree upon a case containing the facts upon which the controversy depends and present a submission of the same to the said Circuit Court of Jasper County, Missouri: the facts agreed upon are as follows:

"1. That the plaintiff and the defendants are and were organized as above stated at and during all the times stated herein, and that the city of Joplin is located in Jasper County, Missouri, in the southwest corner thereof and runs to the line between Jasper and Newton counties; and that, the lines of the School District of Joplin are and were substantially the same as the lines of said city of Joplin, which city is and was at all times herein mentioned a city of the second class organized under the general laws of the State; and that Joplin Water Works Company is and was at all times herein mentioned organized under the laws of the State of Missouri, applicable to business and manufacturing corporations, and engaged in the business of treating, purifying and distributing water within and throughout the limits of the said city of Joplin, being authorized so to do by franchise ordinances enacted from time to time in the said city in the manner provided by law, and the said Joplin Water Works Company is, by its charter, located in the city of Joplin.

"2. It is further agreed that the said Joplin Water Works Company is and was at all the times herein mentioned the owner in fee of the land in the city of Joplin, Jasper County, Missouri, described and assessed for state, county, city and school taxing purposes as set out in the order of the County Court of Jasper County, Missouri, hereinafter copied; and that the personal property of the said Joplin Water Works Company as and for the date of June, 1928, was assessed upon a return made by the company at a total of $450,000.

"3. It is further agreed that none of said assessments were changed by the Board of Equalization or by the Board of Appeals of said county; but that, under date of June 3, 1929, the county court of said county, upon due notice to the said Joplin Water Works Company and a hearing, made its order changing and correcting the said assessments, which said notice and order read as

follows, to-wit: [Here follow a copy of the notice to the Joplin Water Works Company, and a written acceptance of service of said notice by the Joplin Water Works Company, both dated May 10, 1929.]

"In response to the foregoing notice, the Joplin Water Works Company appeared by its superintendent, J. N. Wells, and by its attorneys, Grayston & Grayston, and the parties announced ready for trial.

"After hearing the evidence and argument of counsel, the (county) court takes the matter under advisement and adjourns the further hearing of this matter until the 3rd of June, 1929.

"In the Matter of the Correction of Errors Appearing in Connection with the Description of the Property of the Joplin Water Works Company.

"Now on this 3rd day of June, 1929, at nine o'clock A. M., comes the County of Jasper, appearing by its prosecuting attorney, Russell Mallett, the city of Joplin, Jasper County, Missouri, appearing by its city attorney, R. A. Pearson, the School District of Joplin, Jasper County, Missouri, appearing by its attorney, Haywood Scott, and the Joplin Water Works Company, appearing by its superintendent, J. N. Wells, and its attorneys, Grayston & Grayston.

"The court finds that the real estate of the Joplin Water Works Company has been and is assessed as follows:

|  | Total Valuation By Assessor: |
|---|---|
| Joplin Water Works Company; East Highland Addition To Joplin, Lot 119 | $ 400 |
| Joplin Water Works Company; Murphy's First Addition to Joplin, Lots 129 to 139 | 32,500 |
| Joplin Water Works Company; Murphy's First Addition to Joplin, Lots 150 to 160 | 7,800 |
| Joplin Water Works Company; Miscellaneous Numbered tracts in Joplin in Section 15, Township 27, Range 33, Lot No. 1 | 39,000 |

And its personal property assessed in the total sum of __$450,000

"The court finds that the total assessment as of personal property, as so made, is erroneous in that it includes property of the value of $445,000 which is and was not personal property, but is appurtenant to the said real estate, and the amount thereof should be added to the total assessment of said real estate and taken from the assessment of personal property.

"And the court further finds that all of said real estate (excepting said Lot numbered 119), consisting of contiguous lots and tracts, is, and has been for many years, improved and used as one tract or parcel of real estate, in that the buildings, fixtures, machinery, boilers, power pumps, pipes and connections therein and there-

on constitute one indivisible plant for the purification of water by the addition of coagulent chemicals, the filtration by a mechanical process, the addition and diffusion of chlorine gas for sterilization, and then the distribution of such treated and purified water within said city of Joplin and County of Jasper, and that the distribution pipes running from said plant through the city of Joplin, including service pipes and meters, constitute an indivisible distribution system appurtenant to the said real estate as a whole and constitutes a part thereof. Said Lot 119 owned by said Joplin Water Works Company is used in connection with said distribution system, having thereon pipes, valves and automatic electric pump to be used for the purpose of giving additional pressure, when necessary, to a portion of said city of Joplin.

"And the court further finds that the raw water from Shoal Creek in Newton County, Missouri, is brought to said plant by and through two pipes, one ten-inch and one sixteen-inch, running from the line between Newton County and Jasper County, a distance of approximately one mile from said county line to the point of discharge at and into the plant hereinbefore described which said pipes are continuations of pipes in Newton County running from the power plant in said Newton County, which takes the raw water from the intake at Shoal Creek in said county and pumps the same through said pipes to the plant in Jasper County, as above stated, and performs no other service and is in no wise used or involved in the purification and distribution of the water as before stated, and that said portions of said pipes in Jasper County were included in the total assessment of $450,000 as personal property, and the court further finds that in the said total assessment there is and was the sum of $5,000 property assessed as personal property covering automobiles, supplies and cash on hand.

"The court further finds that the assessed valuation of that portion of said two pipes lying, being and situate in Jasper County between said county line and the end of said pipes at their said point of discharge at said plant in Jasper County is the sum of $5.000.

"It is therefore ordered by the court that the sum of $445,000 be stricken from the said personal assessment and that the same amount be transferred and added to the assessment against the said real estate (excepting said Lot 119) combined as one tract, so that the assessment against the said above described real estate (excepting said Lot 119) as a whole, including the said appurtenant distribution system, and also the portions of said ten-inch and sixteen-inch pipe lines from the Newton County line to the point of discharge at the said plant in Jasper County, shall be a total of $524,300, and that the assessment of personal property be corrected and reduced to the amount of $5,000; and that proper

entries shall be made in the books of the Clerk of the County Court, the Assessor and the Collector to conform to this order.

"4. It is agreed by all the parties hereto that the description of the property of the plaintiff, Joplin Water Works Company, and the locations thereof, the connections, manner, and methods of operation, and the valuations placed upon the parts and portions thereof are correctly set forth in the said order so made by the county court and are accepted as agreed facts for determination of the questions and matters in controversy herein.

"5. It is further agreed that the distribution system of the Joplin Water Works Company as described in said order, including the ten-inch and sixteen-inch mains running from the Newton County line to the point of discharge of water into the settling basin of the company's plant in the city of Joplin, has for many years been considered personal property and included and returned in the valuation of $450,000 in the belief that the same should be classed as personal property, and that said returns were so accepted by tax authorities in Jasper County for many years as being correct in that respect, and until the decision by the Supreme Court of Missouri in the case entitled State of Missouri ex rel. v. Harnsberger, 322 Mo. 94, 14 S. W. (2d) 554, and if the said items of property are and were not personal property, such returns were made and accepted upon mutual mistake as to the law; and the correction made or attempted to be made by the County Court of Jasper County, Missouri, in the order copied herein, was made in the light of the said decision of the Supreme Court and in an effort to so correct the said assessments as to conform to the law announced in said case as understood by the representatives of the above-named defendants.

"6. It is further agreed that after the said decision by the Supreme Court, the Board of Equalization of Newton County, Missouri, took the position that all of said distribution system was appurtenant to the real estate and pumping plant owned by the plaintiff company and located on Shoal Creek in Newton County, Missouri, and increased the total assessment of said real estate from $27,000 to $475,000 by substantially adding the value of the said distribution system as assessed in Jasper County to the value of real estate actually located in Newton County, Missouri, as assessed by the assessor of said county at $27,000, so that the plaintiff, Joplin Water Works Company, now stands assessed in two counties for the same property, and the assessments stand as liens upon the real estate owned by the plaintiff company in Jasper County as fixed and corrected by the county court, and against the real estate owned by the plaintiff company in Newton County by reason of the increase or addition to the valuation in said county as above stated.

"7. It is contended by the plaintiff that the order of the said County Court of Jasper County, Missouri, is erroneous and illegal in that the distribution system so owned and operated by the plaintiff in Jasper County, Missouri, is not appurtenant to the real estate owned by the plaintiff and located in Jasper County, Missouri, or any part or portions thereof, as a matter of law; and that by taking the said sum of $445,000 from the return of personal property and adding the same to the assessed valuation of the said real estate in Jasper County, Missouri, other than said Lot 119, the said county court illegally added to the lien of and for said taxes upon the real estate to which said amount was added and thereby cast a cloud upon plaintiff's title to said real estate by reason of such apparent lien for said additional amount.

"Plaintiff also contends that if any of the property returned and assessed as personal property and constituting such so-called distribution system is or was appurtenant to the said real estate in Jasper County, Missouri, the portion of the pipe lines from the Newton County line to the point of discharge of the water in the settling basin in the city of Joplin, Jasper County, Missouri, and valued at the sum of $5,000 in the said order of the county court, was and is not appurtenant to said real estate, and the valuation placed thereon should not have been added to the said Jasper County real estate; and that said portions of pipe lines, if appurtenant to any real estate, are and were appurtenant to the real estate owned by the plaintiff and located in Newton County, Missouri, and connected with and appurtenant to the pumping plant located on said Newton County land.

"8. The defendants and each of them contend that all of said distribution system, including the portions of said pipe lines between the Newton County line and the point of discharge in said settling basin, and valued at the total sum of $445,000, are and were appurtenant to the said real estate owned by the plaintiff in Jasper County, Missouri, other than said Lot 119, and that the said order made by the county court was and is legal and valid as made, and that the taxes against the said real estate, computed upon the valuation thereof after the addition of the sum of $445,000 thereto, are and will constitute liens until paid; but that if any portion of the said so-called distribution system was or is not appurtenant to said real estate, it is only such portions of said pipe lines running between the Newton County line and the point of discharge in said settling basin so valued at the sum of $5,000.

"9. It is further agreed that this court shall determine whether the said distribution system is appurtenant to the real estate owned by the plaintiff company in Jasper County, Missouri, in whole or in part, and shall determine whether or not the order so made by the County Court of Jasper County, Missouri, is valid in whole or in

part, and if not wholly valid, then this court may direct the County Court of Jasper County, Missouri, to adjust or correct its order so as to conform to the law.

."It is further agreed that either party may appeal from the decision of this court or have the matter reviewed upon writ of error, and that the appellate court may determine whether or not said order is valid in whole or in part, and if not wholly valid, may direct such correction as should be made; and that pending this litigation the defendants and each of them shall be restrained and enjoined from collecting taxes upon the sum of $445,000 in question herein, and shall be enjoined from collecting or attempting to collect any penalties computed upon any taxes for the said sum; all until final determination of the matters in controversy herein."

An affidavit, subscribed and sworn to by the attorneys for the respective parties, was filed with, and as a part of, the agreed case on June 28, 1929, setting forth that "the controversy is real, and that the proceedings are in good faith, to determine the rights of the parties," conformable to the requirement of Section 1548, Revised Statutes 1919.

The agreed case was argued and submitted to the Circuit Court of Jasper County, and on July 12, 1929, the said circuit court made and entered a judgment, which, after reciting the appearances of the respective parties, is as follows:

"The matters at issue being submitted to the court upon the agreed statement of facts, and after reading and considering the same and hearing the arguments of counsel, the court finds the issues in favor of the defendants.

"It is therefore adjudged and decreed that the order of the County Court of Jasper County, Missouri, set forth in the agreed statement of facts of final date June 3, 1929, is valid and the same is sustained and affirmed in all things as made.

"It is further ordered, in accordance with the agreement of the parties set forth in said agreed statement of facts and provisions for decree herein, that pending this litigation the defendants and each of them be restrained and enjoined from collecting taxes on the sum of $445,000 in question herein, and enjoined from collecting or attempting to collect any penalties upon any taxes for the said sum, and until final determination of the matters in controversy herein; that the plaintiff take nothing by this suit, that defendants go hence hereof and recover of plaintiff their costs in this cause, and that execution issue therefor."

The Joplin Water Works Company, in due time, filed a motion for new trial and a motion in arrest of judgment, both of which motions were overruled by the circuit court. The Joplin Water Works Company thereupon was allowed an appeal to this court from the judgment entered by the circuit court in the agreed case.

Prior to the argument and submission of the case to this court on appeal, Messrs. Leo H. Johnson and James E. Sater, attorneys representing Newton County, Missouri, applied to this court for permission to file a brief as *amici curiae,* and this court, on March 22, 1930, made and entered an order granting such permission. Pursuant to said order and permission, the *amici curiae* have filed a brief herein.

I. The instant controversy is occasioned by, and arises out of, the recent decision of Division Two of this court in the case of State ex rel. Sedalia Water Co. v. Harnsberger, 322 Mo. 94, 14 S. W. (2d) 554, the decision in which case was promulgated on March 2, 1929. The main question decided in the Sedalia Water Company case was whether the water mains, laid in the streets of the city of Sedalia, and constituting the distribution system of the Sedalia Water Company, by means of which distribution system water is supplied to the various customers of the Water Company in said city, and which distribution system is physically connected with the waterworks plant and pumping station of the Sedalia Water Company, located upon a forty-five-acre tract of land lying outside of the corporate limits of the city of Sedalia, but lying within the territorial limits of Pettis County, are appurtenant to the land or real estate upon which the said waterworks plant is located, and, as such an appurtenance, are to be assessed and valued as an inseparable and integral part of said real estate, for the purposes of taxation, or whether such water mains are to be classified and assessed as personal property, for the purposes of taxation, under the statute of our State relating to taxation and revenue (Chap. 119, R. S. 1919). The taxation and revenue statute of our State (Sec. 12967, R. S. 1919) defines the terms "real estate" and "real property," as used in said statute, to mean and include "not only the land itself, . . . with all things contained therein, but also all buildings, structures and improvements and other permanent fixtures of whatsoever kind thereon, . . . *and all other property belonging to manufactories of whatever kind,* . . . *and all rights and privileges belonging or in anywise pertaining thereto,* except where the same may be otherwise denominated by this chapter." The term "personal property," as used in said statute, is defined to mean and include "every tangible thing being subject to ownership, whether animate or inanimate, *and not forming part or any parcel of real property as hereinbefore defined.*" Applying the said section (12967) of the taxation and revenue statute of our State to the facts in evidence in the Sedalia Water Company case, supra, Division Two of our court therein announced the legal conclusion that, "upon both reason

and authority the water mains in the streets in the city of Sedalia are appurtenant to the land upon which the plant is located, and therefore should be valued as a part of the real estate'' for the purposes of taxation. [322 Mo. l. c. 106.]

Briefly summarized, the facts upon which the instant controversy depends, and whereon the agreed case was submitted to the circuit court for judgment and decision, are these: The Joplin Water Works Company was, at all the times herein mentioned, the owner of a waterworks plant, consisting of buildings, fixtures, machinery, boilers, and pumps, all located upon certain contiguous tracts of land situate entirely within the corporate limits of the city of Joplin, in Jasper county, and of a distribution system, consisting of mains, service pipes, and meters, extending throughout the city of Joplin, in Jasper County, and laid in the streets and other public ways in said city, which distribution system is physically connected with the aforesaid waterworks plant situate in the city of Joplin, in Jasper County. The Joplin Water Works Company obtains its supply of raw water from Shoal Creek, a flowing stream or water course in Newton County, and the Water Company also owns a tract of land near Shoal Creek, in Newton County, upon which is located a pumping plant, the machinery of which plant draws the raw water from Shoal Creek and propels the raw water through two supply pipes, extending from the pumping station in Newton County, and emptying into a settling basin, or reservoir, located upon the lands constituting the waterworks plant of the Water Company in the city of Joplin, in Jasper County. The pumping plant in Newton County performs no service or function other than to pump the raw water from Shoal Creek, the source of supply, and to propel the raw water through the two supply pipes, and thence into the settling basin, or reservoir, located upon the lands of the Water Company within the city of Joplin, in Jasper County. After the raw water is pumped from the source in Newton County, and is discharged into the settling basin in Jasper County, the water is then purified and filtered, by means of certain mechanical and chemical processes, at the waterworks plant in the city of Joplin, in Jasper County, and the purified and filtered water is then pumped throughout the distribution system by means of the power exerted by the pumping machinery contained in the Water Company's waterworks plant located upon its lands in the city of Joplin, in Jasper County. The pumping plant in Newton County has no physical connection with the distribution system in the city of Joplin, in Jasper County, and supplies no force or power by which the purified water is distributed to the customers of the Water Company in Jasper County.

Prior to the decision of this court in the Sedalia Water Company case, supra, the tax officials of Jasper County having in charge

the assessment and valuation of property for the purposes of taxation, assessed (as of June 1, 1928) the real estate owned by the Joplin Water Works Company, and lying within Jasper County, at the valuation of $79,700, and the personal property of the Water Company was assessed at the valuation of $450,000, such assessment of personal property being based upon a return of the Water Company filed with the Assessor of Jasper County, wherein the Water Company listed its distribution system, located in Jasper County, as personal property. The foregoing assessments were not changed by the Board of Equalization of Jasper County, which board (as required by Sec. 12820, R. S. 1919) met on the first Monday of March, 1929. After the publication and promulgation of the decision of this court in the Sedalia Water Company case, supra, the County Court of Jasper County, pursuant to Section 12938, Revised Statutes 1919, and after due notice had been served upon, and accepted by, the Joplin Water Works Company, held a hearing in the matter of the correction of errors in the said assessments of the real estate and personal property of the Joplin Water Works Company, and, on June 3, 1929, the County Court of Jasper County made and entered an order correcting such assessments, by deducting the sum of $445,000 from the assessed valuation of the personal property of the Water Company, and by adding said sum of $445,000 to the assessed valuation of the real estate (except Lot 119) of the Water Company, situate within the city of Joplin, in Jasper County, so that the assessed valuation of the said real estate (except Lot 119), including the distribution system in Jasper County, and including also that portion of the two supply pipes extending from the boundary line between Newton and Jasper counties to the settling basin in Jasper County, shall amount to the aggregate sum of $524,300, and so that the assessed valuation of the personal property shall be reduced from the amount of $450,000 to the amount of $5,000. The County Court of Jasper County also found (in and by said order) that the assessed valuation of that portion of the two supply pipes, lying and situate in Jasper County, and extending from the boundary line between Newton and Jasper counties to the point of discharge of said pipes into the settling basin, located upon the lands constituting the waterworks plant in Jasper County, was $5,000.

Prior to the decision of our court in the Sedalia Water Company case, the tax officials of Newton County had assessed the real estate, lying and situate in Newton County, and owned and used by the Joplin Water Works Company as a pumping plant, at a valuation of $27,000. Shortly after the promulgation and publication of the decision of our court in the Sedalia Water Company case, the Board of Equalization of Newton County increased the assessed valuation of the real estate situate in Newton County, and

owned by the Water Company, from $27,000 to $475,000. The increase so made by the Board of Equalization of Newton County in the assessed valuation of the real estate of the Water Company in Newton County amounted to $448,000, which is substantially the amount of the assessed valuation of the distribution system located in the city of Joplin, in Jasper County, as fixed and determined by the tax officials of Jasper County.

The precise question for determination presented by the agreed case, therefore, is whether the distribution system of the Joplin Water Works Company, located wholly within the city of Joplin, in Jasper County, and that portion of the two supply pipes (extending from the pumping station in Newton County to the settling basin in Jasper County) as lies within Jasper County, are appurtenant to the lands or real estate of the Water Company, situate in the city of Joplin, in Jasper County, upon which is located the main or principal waterworks plant of the Water Company, and are to be valued and assessed, for the purposes of taxation, as an inseparable and integral part of the Water Company's real estate in Jasper County; or whether such distribution system and supply pipes are appurtenant to the land of the Water Company situate in Newton County, upon which is located the pumping plant, which is used only for the purpose of pumping the raw water from the source of supply in Shoal Creek to the settling basin in the city of Joplin, and are to be valued and assessed, for the purposes of taxation, as an inseparable and integral part of the Water Company's real estate in Newton County.

II. The *amici curiae,* who appear in this court as the attorneys and legal representatives of Newton County, by their brief filed herein by order and permission of this court, assert (1) that Newton County is a necessary and indispensable party to the agreed case submitted to the Circuit Court of Jasper County, and, inasmuch as Newton County was not joined as a party to the submission of the agreed case, that the Circuit Court of Jasper County was without jurisdiction to hear and determine the agreed case, and to render a judgment thereon; and (2) that the controversy between the parties to the submission of the agreed case is not actual and real, but is fictitious, pretended, collusive and moot, wherefore the judgment of the Circuit Court of Jasper County should be reversed by this court, and the cause should be remanded to the Circuit Court of Jasper County with directions to dismiss the agreed case.

The statute (Sec. 1548, R. S. 1919) under which the instant controversy was submitted to the Circuit Court of Jasper County, reads as follows:

"Parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought; but it must appear, by affidavit, that the controversy is real and the proceedings in good faith, to determine the rights of the parties; the court shall thereupon hear and determine the case, and render judgment thereon, as if an action were depending." The statute further provides (Sec. 1549, R. S. 1919):

"The judgment may be enforced in the same manner as if it had been rendered in an action, unless otherwise provided in the submission; and, in like manner, shall be with costs, and subject to an appeal or writ of error, unless otherwise provided in the submission."

Our research discovers no decision of an appellate court of this State which attempts to define what parties are necessary and indispensable to the submission of an agreed case, as authorized and provided by the above-quoted statute. The subject-matter of the instant proceeding, or agreed case, is the right, power and authority of the tax officials of Jasper County to assess (and subsequently to tax) the distribution system and that portion of the two supply pipes of the Joplin Water Works Company which are actually and physically situate in Jasper County, as appurtenant to, and as an inseparable and integral part of, the real estate owned by the Water Company, and situate in Jasper County, upon which is located the main, or principal, waterworks plant of the Water Company. It appears to our minds that Newton County has no direct and immediate concern, or legal interest, in the determination of the controversy involved in the instant proceeding. The instant proceeding does not in any wise directly involve, or draw in question, the right and authority of the tax officials of Newton County to exercise the powers of assessment and taxation which are lodged and vested in the tax officials of that county. The "question in difference," presented and submitted by the agreed case, is wholly and exclusively one between the Joplin Water Works Company, as the owner of real property lying within the territorial limits of Jasper County, on the one hand, and the tax authorities of Jasper county, on the other hand. The judgment rendered in the instant proceeding is not conclusive of any rights of Newton County, which county is unaffected by the judgment in the instant proceeding, and is left free and untrammeled to litigate with the Joplin Water Works Company the matter of the power and authority of the tax officials of Newton County to assess, and to tax, such property of the Water Company as is appurtenant to the land of the Water Com-

pany in Newton County upon which is located the pumping station of the Water Company. We are of opinion that Newton County has no interest, in any legal sense, in the subject-matter of the controversy involved in the instant proceeding. As is said in 47 Corpus Juris, 85: "Broadly speaking, in every proceeding of a judicial nature, whether *in rem,* in equity, or at law, the necessary parties are those, and those only who have an interest in the subject-matter of the proceeding and whose rights may be concluded by the judgment. Conversely, a person who has no interest in the subject-matter is not a necessary party thereto." We therefore conclude that Newton County is not a necessary and indispensable party to the submission of the agreed case herein, and that the Circuit Court of Jasper County had jurisdiction of the agreed case without the joinder of Newton County as a party therein.

The *amici curiae* furthermore assert that the controversy submitted by the parties to the agreed case is collusive and pretended, and not actual and real, and therefore the agreed case presents merely a moot or abstract question of law. As a general rule, neither the trial nor the appellate courts will undertake to determine moot or pretended causes, wherein it appears that there is no actual and real controversy involved, or wherein no practical relief can follow a judicial determination of the controversy. And, in the absence of an actual controversy, an appellate court ordinarily will dismiss the appeal or writ of error, or will remand the moot cause with directions to the trial court to vacate the judgment and dismiss the cause. [Fugel v. Becker (Mo. Sup.), 2 S. W. (2d) 743, 746, and authorities there cited.]

But the mere circumstance, alone, that the proceeding is an amicable one, or that the parties have agreed as to the facts upon which the proceeding is to be submitted for determination, is not determinative of the moot character of the proceeding, or that the proceeding is collusive and pretended. The determinative factor is whether the proceeding presents an actual controversy involving adverse interests between the parties.

The applicable rule is thus clearly stated in 1 Corpus Juris, 974, 975: "But where there is an actual controversy involving a concrete case of fact or right, it is no objection to a determination of the controversy that the assertion or denial of the right was for the purpose of procuring such determination, and making what is termed a test case, particularly where the controversy concerns a matter of public moment which should be speedily settled. . . . An action may, however, be amicable without being fictitious or collusive, and, under some circumstances, amicable actions are to be approved and encouraged. If there is an actual controversy in-

volving adverse interests between the parties, the action will not be regarded as fictitious or collusive, although the right involved was asserted or denied for the purpose of making a test case, . . . or the parties have agreed as to the evidence upon which the action is to be submitted, or may entertain the same opinion as to the validity of the statute to test which the action is brought.''

In Adams v. Union Railroad Co., 21 R. I. 134, 140, 141, the Supreme Court of Rhode Island has said: ''A moot case is one which seeks to determine an abstract question, which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination simply because his motive in the assertion of such right is to secure such determination. It is a matter of common practice. Most of the cases of trespass to try title are of this sort.''

Speaking to the question, the Supreme Court of the United States, through Mr. Chief Justice TANEY, said in Lord v. Veazie, 8 How. 251, 255: ''But an amicable action, in the sense in which these words are used in courts of justice, presupposes that there is a real dispute between the parties concerning some matter of right. And in a case of that kind it sometimes happens, that, for the purpose of obtaining a decision of the controversy, without incurring needless expense and trouble, they agree to conduct the suit in an amicable manner, that is to say, that they will not embarrass each other with unnecessary forms or technicalities, and will mutually admit facts which they know to be true, and without requiring proof, and will bring the point in dispute before the court for decision, without subjecting each other to unnecessary expense or delay. But there must be an actual controversy, and adverse interests. The amity consists in the manner in which it is brought to issue before the court. And such amicable actions, so far from being objects of censure, are always approved and encouraged, because they facilitate greatly the administration of justice between the parties.''

In Ex parte Steele, 162 Fed. 694, 701, it is said: ''The only way a disputed right can ever be made the subject of judicial investigation is, first, to exercise it, and then, having acted, to present a justiciable controversy in such shape that the disputed right can be passed upon in a judicial tribunal, which can pronounce the right and has the power to enforce it. When there is an actual, bona-fide contest as to a legal right, an agreement to put the case, when made, by actual exercise of the right and resistance to it, in such shape that the right can be readily determined by the court, especially when the dispute concerns a matter of public moment, which should be speedily settled, has never been condemned by the courts. It is a common, everyday practice in every State of the Union. The noted Legal Tender Cases were made up in that way.''

The statute (Secs. 1548, 1549, Revised Statutes 1919), under and by virtue of which the instant proceeding is submitted for decision and judgment, provides that "the parties to a question in difference, which might be the subject of a civil action," may, without the necessity of bringing a formal action, "agree upon a case containing the facts upon which the controversy depends," and may submit such agreed case to any court which would have jurisdiction if a formal action had been brought, provided, however, that it appears, by affidavit, that "the controversy is real, and the proceedings are in good faith, to determine the rights of the parties." The parties to the instant proceeding made and filed in the Circuit Court of Jasper County the affidavit prescribed by the statute, reciting that "the controversy between the parties hereto, as set forth and shown in the agreed statement of facts, is real, and the proceedings are in good faith, to determine the rights of the parties." Morever, the agreed statement of the facts herein shows upon its face that the controversy between the parties is real. It appears therefrom that the respondents have exercised the right and authority to assess and value, for the purposes of taxation, the distribution system and that portion of the supply pipes of the appellant, Joplin Water Works Company, which lie and are situate within Jasper County, as appurtenances to, and as an inseparable and integral part of, the lands or real estate of the Water Company, lying and situate in Jasper County, upon which is located the main or principal waterworks plant of the Water Company. The right and authority of the respondents to assess and value the distribution system and supply pipes of the appellant, Water Company, lying and situate in Jasper County, as constituting an integral part of appellant's real estate in Jasper County, is disputed and contested by the appellant, Water Company. The appellant, in disputing the right and authority so exercised by respondents, contends that the distribution system and a portion of the supply pipes, although physically situate in Jasper County, are nevertheless appurtenant to the land and real estate of the Water Company lying and situate in Newton County, whereon is located the pumping station used for the purpose of pumping the raw water from Shoal Creek, the source of supply in Newton County, into the settling basin in Jasper County, and that such appurtenances are therefore exclusively assessable and taxable only in Newton County, as constituting an inseparable and integral part of the Water Company's real estate in Newton County. Although the proceeding under review is an amicable one, in the sense that the parties have agreed upon the facts upon which the controversy depends, and have dispensed with the delay, expense, and technical forms of procedure which are incident to a formal action, by the submission of an agreed case, as authorized by the statute, supra, yet we are inclined to the

view that the controversy submitted for decision and judgment herein is real and actual, involving the exercise by the respondents of an asserted right which is disputed by the appellant, and that the interests of the appellant, on the one hand, and of the respondents, on the other hand, are adverse. We cannot say, upon the record before us, that the instant proceeding presents for determination a mere moot or abstract question, which is not based upon existing facts or rights.

III. As we have said, the instant controversy arises out of the decision of this court in State ex rel. Sedalia Water Co. v. Harnsberger, 322 Mo. 94, 14 S. W. (2d) 554. The "question in difference" between the appellant, on the one hand, and the respondents, on the other hand, is the proper application of the rule or doctrine of law announced in the Sedalia Water Company case to the agreed facts in the instant proceeding. Appellant, Joplin Water Works Company, contends that, under the rule or doctrine announced in the Sedalia Water Company case, the appellant's distribution system and supply pipes, which are situate in Jasper County, must be allocated (for the purposes of assessment and taxation) as appurtenances to the land and real estate in Newton County, whereon is located the appellant's pumping plant, which draws the raw water from the source of supply in Shoal Creek, in Newton County, and propels the raw water through two supply pipes into the reservoir or settling basin in Jasper County. The respondents contend that, under the rule or doctrine announced in the Sedalia Water Company case, the distribution system and supply pipes of the Joplin Water Works Company, which are situate in Jasper County, must be allocated (for the purposes of assessment and taxation) as appurtenances to the land and real estate in the city of Joplin, in Jasper County, whereon is located the *main or principal* plant of the Joplin Water Works Company, containing the pumps and machinery which propel the purified and filtered water through the distribution system to the various customers of the Water Company in the city of Joplin, and to which main or principal plant alone the distribution system is physically connected.

Our court quoted with approval, in the Sedalia Water Company case (322 Mo. l. c. 104), Bouvier's definition of "appurtenances," as follows: "Things belonging to *another thing as principal*, and which pass as incident to the *principal thing.*" We also said in the Sedalia Water Company case (l. c. 105), quoting from Words and Phrases: "An appurtenance is a thing used with and related to or dependent upon something else which is its *principal.*" What is the *principal thing* to which the distribution system of the Joplin Water

Works Company, situate in Jasper County, belongs and to which it is incident and appurtenant? It seems clear to our minds that the *principal thing* to which such distribution system belongs and is appurtenant is the *main* plant of the Water Company in the city of Joplin, in Jasper County, with which plant alone the distribution system is actually and physically connected, and which plant contains the pumping machinery that propels the purified and filtered water through the distribution system to the customers of the Water Company in the city of Joplin. The pumping plant in Newton County has no actual or physical connection with the distribution system in Jasper County, and furnishes no power or force in the propulsion of water through the distribution system. The Newton County pumping plant is not physically attached or affixed to the distribution system. It is physically separate and separable from the distribution system. The distribution system, which is physically connected with the main plant of the Water Company, located upon land situate in the city of Joplin, in Jasper County, cannot well be said, we think, to be appurtenant and incident to the pumping plant, located upon a tract of land in Newton County, with which Newton County pumping plant the distribution system in Jasper County has no physical or actual connection. A conveyance of the Newton County land and the pumping plant located thereon, in our judgment, would not operate as a conveyance of the distribution system: this, because an intervening tract of land, situate in Jasper County, upon which is located the main or principal plant of the Water Company, separates and dissevers the distribution system from the land in Newton County upon which is located the pumping station. We perceive of no reasonable or logical theory upon which the distribution system in Jasper County can be held and deemed to be appurtenant and incident to the land in Newton County upon which is located the appellant's pumping plant.

The appellant, Joplin Water Works Company, construes the opinion of our court in the Sedalia Water Company case, supra, as announcing the doctrine or rule that a water distribution system is appurtenant and incident to the particular waterworks plant which is situate and located at the source of the water supply. So far as is disclosed by the recital of facts contained in the opinion in the Sedalia Water Company case, the Sedalia Water Company owned and operated but *one* waterworks plant, which seemingly was situate and located at the source of water supply. That *one* plant seemingly contained the machinery and pumps which were used to draw the water from the source of supply, and which were also used to propel the water through the distribution system, which was physically connected with that plant. In the instant case, it appears that the Joplin Water Works Company owns and operates two separate and distinct plants,

one of which plants is a pumping station located upon a tract of land which is situate at the source of supply on Shoal Creek in Newton County, and the other of which plants is located upon a tract of land which is situate in the city of Joplin, in Jasper County, with which Jasper County plant alone the distribution system is physically connected, and which Jasper County plant alone contains the machinery and pumps which propel the water through the distribution system in the city of Joplin. In the Sedalia Water Company case, our court was not called upon to determine as to which of two separate and distinct plants the Sedalia water distribution system is appurtenant. The logic and reasoning reflected in the opinion of Division Two in the Sedalia Water Company case, however, is that a water distribution system is appurtenant and incident to a *principal* thing, a *main or principal plant,* to which *principal* thing the distribution system is physically connected and annexed, so as to make it an inseparable and integral part of the *principal thing.* In the opinion in the Sedalia Water Company case, Division Two of our court stated the doctrine or rule of the Iowa courts to be that ''the water mains laid in the streets of a city, and *connected with the plant* of a water company, are appurtenant to the tract of land upon which the plant is located, and therefore included within the assessed value of the land.'' The opinion in the Sedalia Water Company case cites with approval the case of Oskaloosa Water Co. v. Board of Equalization of City of Oskaloosa, 84 Iowa, 407, wherein the Iowa Supreme Court held that ''the mains, pipes and hydrants of the water company are appurtenant to, and taxable with, the real estate where the *main works* are located,'' our own court remarking that ''the weight of authority, and of reason, seems to be with the Iowa rule.''

Applying the rule and doctrine announced in the Sedalia Water Company case, we conclude that the *principal thing* to which the distribution system of the appellant is appurtenant and incident is the *main plant* of the appellant in the city of Joplin, in Jasper County, and not the pumping station in Newton County. It follows from such conclusion that the appellant's distribution system in the city of Joplin is properly to be valued and assessed, for the purposes of taxation, as a part of the appellant's land or real estate, situate in the city of Joplin, in Jasper County, upon which is located the main or principal plant of the appellant, Joplin Water Works Company.

The foregoing is so much of the opinion of Commissioner SEDDON as is approved by us.

On further consideration, and in order to dispose of the whole controversy as now presented, we desire to add the following:

In State ex rel. Sedalia Water Co. v. Harnsberger, 322 Mo. 94, the court held that the water mains, pipes, hydrants, etc., used to distribute the water from the main plant to the consumers, being ap-

purtenant to the real estate on which the main plant is located, could not be taxed separate from the real estate as being personal property. The court adopts the Iowa doctrine in this language: "The doctrine in Iowa is that the water mains laid in the streets of a city and connected with the plant of a water company are appurtenant to the tract of land upon which the plant is located and therefore included within the assessed value of the land." It necessarily follows from this that the taxing situs of such water mains and pipes is the situs of the real estate to which they are appurtenant and of which they are a part, regardless of the fact that the actual situs of such mains, pipes and hydrants may extend a considerable distance from the main plant and into a different taxing district.

In the Sedalia case mentioned the supply pumps and machinery were located on the same tract of land as the distributing pumps and machinery and were in fact one and the same. In the present case the opinion holds, and properly so, that the supply plant located in Newton County is separate and distinct from the distributing plant located on a different tract of land in Jasper County some three or four miles from each other, and that there is no real physical connection between the supply plant and the distributing plant except that the supply plant with its pumps, machinery, etc., located on a tract of land on Shoal Creek in Newton County, pumps the raw water from that creek and forces it through large pipes emptying same into a reservoir on the tract of land in Jasper County where is located the purifying and distributing plant, and from which reservoir the raw water is taken, purified and forced by pumps, located there, into and through the distributing mains and pipes extending throughout the city of Joplin.

The plaintiff contends that under these facts and under the Sedalia case, supra, the distributing plant, machinery, mains and pipes in Jasper County, as well as the supply pipes, partly in Newton County and partly in Jasper County are all appurtenances to the Newton County supply plant and taxable as part of that real estate and at that situs. We hold, however, that there is such a physical and usable break at the reservoir in Jasper County that the two plants are separate and severable at that point, the one being the supply plant located in Newton County and its appurtenances, and the other being the pumping and distributing plant and its appurtenances located in Jasper County.

These are separate and severable plants and the distributing mains, pipes and hydrants extending to and located in the city of Joplin are appurtenances to the Joplin distributing plant and real estate on which it is located, and taxable as such. By the same reasoning, the supply pipes connected with the supply station in Newton County, and whose sole use is to carry the raw water to the reservoir in Jasper County, are appurtenances to the land of the Newton County supply

station, and taxable as such and at that situs. No reason is given for dividing such supply pipes at the county line where there is no physical break or severance in the use of the same. The physical and usable connection of these pipes is with the Newton County plant and not with the Jasper County plant. The only possible reason for making a severance of these supply pipes at the county line and allotting the part of the supply pipes in Newton County as an appurtenance to the supply plant located there and the part of such pipes in Jasper County to the distributing plant in Jasper County, contrary to the physical and usable connection, is that part of the supply pipes are actually located in the one taxing district, Newton County, and part in another taxing district, Jasper County. This holding, however, is contrary to the whole theory on which such pipe lines are held not taxable separately, but only as appurtenant to real estate on which the main plant is located. In fact, in the Sedalia case, supra, it appears that the main waterworks plant was located in Pettis County and outside of the city of Sedalia, and was located in School District No. 29, while the water mains, pipes and hydrants were located in the city of Sedalia and in Sedalia School District No. 200, where same were attempted to be taxed. The court there held that such mains, pipes and hydrants were part of and taxable only in the taxing district where the main plant, real estate, was located and not in the city of Sedalia. Therefore, to make a severance at the county line merely because the supply pipe line is partly in Newton County and partly in Jasper County, is violative of this principle.

This question seems to have been decided in the case of Appeal of Des Moines Water Co., 48 Iowa, 324. The city of Des Moines was divided into two townships, each a taxing district. The main plant of the company was located in Des Moines Township on land owned by the water company there, but the mains and pipes extended into Lee Township. The court held that, for purposes of taxation, the water mains and pipes were appurtenant to the land on which the main plant was located in Des Moines Township and were properly assessed there, and not in Lee Township where many of the lines and pipes were actually located. The court said:

"We think the land, building, machinery and water-mains are all real estate, and though the whole length of the mains are not laid upon the lots owned by appellant, and extend from Des Moines into Lee Township, yet they are appurtenant to the waterworks or main structure. The argument that if the mains are real estate, that part which is laid in Lee Township should have been there assessed the same as any other real estate, is answered by the fact that their mains acquire their real estate character by being appurtenant to the waterworks, and in a conveyance of the works would pass as incident to the principal thing, without any conveyance of the land where they

are located. Under such circumstances no assessment need be made except in the place where the waterworks and lots are situated.''

It seems to us, therefore, that the taxing authorities of Jasper County have no power to levy taxes against the portion of the supply pipes located in Jasper County or to include same as an appurtenance to the Jasper County real estate of the plaintiff. The whole of such mains and pipes are appurtenant to the supply plant located in Newton County. To this extent the judgment of the trial court is erroneous and should be modified by deducting the valuation of $5,000 placed on that part of the supply pipes located in Jasper County.

The judgment of the trial court is, therefore, reversed and the cause remanded with directions to enter judgment in accordance with this opinion. *Ferguson, C.,* concurs.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.