PERSONAL FINANCE COMPANY OF MISSOURI, a Corporation, and BENE-
FICIAL MANAGEMENT CORPORATION, a Corporation, v. RICHARD H.
DAY, Appellant.—164 S. W. (2d) 273.

Division One, September 8, 1942.

*Sebree, Shook & Gisler* for respondents; *Jackson R. Collins* of
counsel.

(1139)

*Harry P. Thomson, Jr.,* and *Henry M. Shughart* for appellant.

DOUGLAS, P. J.—This case was decided by the Kansas City Court of Appeals but was transferred to this court because the Judges of that Court deemed their decision in conflict with a decision of the St. Louis Court of Appeals in the case of Lewis et al. v. Kaplan et al. (Mo. App.), 5 S. W. (2d) 699. We hear this case anew as though it came here by ordinary appellate process. [Const. Amend. 1884, Sec. 6.]

The question for decision is whether an appellate court may dismiss an appeal where the entire controversy became moot by the lapse of time while the appeal was awaiting argument.

The question arises in this way. Appellant was employed by respondent under a contract which prevented him from engaging in a competitive employment for a year after the contract terminated. Appellant violated this prohibition of the contract. Respondent filed suit to enjoin him. The trial court found for respondent. It permanently enjoined appellant from engaging in such competitive employment for the period of one year from October 12, 1940, the date the contract terminated. This was the only point decided by the trial court. While an appeal from this decree was pending in the Kansas City Court of Appeals and before the same had been argued the injunction decree expired by its own terms on October 12, 1941. As a result no controverted issue remained in the case. Thereafter respondent filed a motion to dismiss the appeal because the controversy had become moot.

The motion to dismiss should be sustained for the reasons stated in the opinion of the Kansas City Court of Appeals reported in 158 S. W. (2d) 197.

Lewis v. Kaplan, supra, deemed to be in conflict therewith was a suit to enjoin the erection of a store building. An injunction was issued. On appeal the case was twice argued and submitted. On the first submission there were three issues presented. First, whether defendant had the right to enter upon the property and erect a building thereon; second, whether the building would violate certain restrictions on the use of the property; and third, whether the building would violate certain zoning ordinances then pending but not passed. The second submission was restricted to the one question of the right of defendant to enter upon the property and erect a building thereon. Also at the second submission there was a motion to dismiss the appeal on the ground that since the filing of the suit and issuance of the injunction the city had adopted a zoning ordinance forbidding the erection of business buildings in the district in which the premises were located so that the matter had become a moot question. However, the court overruled the motion quoting the following language from a Federal case: "I know of no rule which is better settled than that the question as to the maintenance of a bill, and the granting of relief to a complainant, is to be determined by the status existing at the time of filing the bill. Rights do not ebb and flow. . . . The question, then, is, what was the state of facts at the time of and prior to the filing of the bill? or whether, if the facts alleged in the bill were true at that time, there was need of an injunction." Such statement must be read only in connection with the issue which still remained in the case, i. e. whether there was right to enter the property and build a building. That issue had not become moot. Even so, the statement is too broad. It is not applicable to cases such as the instant one where no controverted issue remains and should not be followed.

In the case of Joplin Waterworks Co. v. Jasper County, 327 Mo. 964, 38 S. W. (2d) 1068, this court stated as a general rule neither appellate nor trial courts will determine moot cases. Where there is no actual controversy in the appeal before it, an appellate court ordinarily will dismiss the appeal. We approved this rule in State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S. W. (2d) 8, where we said that if there is no actual controversy existing at the time of the argument on appeal the appellate court need not determine the case. [See also Corken v. Workman, 231 Mo. App. 121, 98 S. W. (2d) 153.]

Such is this case. All issues became moot before it was submitted on appeal. Therefore the motion to dismiss should be sustained. It is so ordered. All concur.