**Jack TOOTLE, Appellant,**

v.

**Winifred W. TOOTLE, Respondent.**

No. 23709.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Strop, Watkins, Maughmer & Roberts, St. Joseph, for appellant.

Sprague, Wilcox & Houts, St. Joseph, for respondent.

CROSS, Judge.

This is an appeal from an order of the trial court modifying the child custody and visitation provisions of a previously rendered and modified decree of divorce. The order permitted defendant-respondent, mother of two minor children involved, to take them out of the state to her residence in Michigan for a vacation visitation in the summer of 1962. Plaintiff-appellant, father of the children, has appealed.

Plaintiff and defendant were divorced on October 2, 1958, and plaintiff was awarded custody of their two minor children, a boy presently 8 years old, and a girl whose age is now 12 years. In general terms defendant was granted reasonable rights of visitation with the children. This court affirmed the decree of divorce and custody in Tootle v. Tootle, Mo.App., 329 S.W.2d 218.

On June 13, 1960, the trial court modified the original decree by specifically providing the time and place of defendant's visitation with the children. Such privilege was limited to visits at defendant's apartment home in St. Joseph, at a country club in Andrew County, and elsewhere in Buchanan County. The decree, as modified, further provided that "Defendant * * * shall have no right of visitation with said children, or with either of them, outside of the State of Missouri, and the defendant shall at no time cause to be taken or take said children, or either of them, outside of the State of Missouri".

Since November of 1960, defendant has been regularly employed by a department store in Detroit, Michigan. She has been living in the home of her mother at Grosse Pointe Farms, Michigan. However, she has maintained the apartment in St. Joseph to which she has returned at rather frequent intervals for visitation with her children.

In March, 1961, defendant filed a motion in which she prayed the trial court to permit a reasonable summer vacation visitation of defendant and her minor children (in the year of 1961) "outside of the State of Missouri, at the home of her mother". The motion was overruled by the trial court on May 19, 1961. The court also denied defendant's motion for rehearing or a new trial. No appeal resulted.

Thereafter, and on February 9, 1962, defendant filed the motion that gave rise to this appeal. It alleges in substance that since November 7, 1960, she has had full time employment at a department store in Detroit, Michigan, that she has received promotions, that she has returned to St. Joseph for visits with her children, when her employment permitted, that her brother (who lives in Michigan) would be married the last part of July or the first of August, 1962, and that she would like to have her children present for the wedding. In her motion defendant prays the court to supplement its decree so as to permit the minor children to visit with her outside the State of Missouri, and that she be allowed to take them to the home of her mother in Michigan, for a summer (1962) vacation visit.

After hearing evidence, the trial court made findings in part as follows: "Now the Court finds that it is to the best interests of the minor children of the parties herein that the Motion for Summer Vacation Visitation be sustained and that said children should be permitted to visit the defendant in the home of defendant's mother, Mrs. C. H. White, 49 Edgemere Road, Grosse Pointe Farms 36, Michigan. This visitation is also allowed so that said children may be present for the wedding of Ray White, who is a brother of the defendant". * * * "It is also found by the Court that the visitation period should begin on the 20th day of July, 1962, and terminate on the 5th day of August, 1962". On the basis of its findings, the trial court sustained the motion and entered an order permitting the children's visit at the time and place speci-

fied in the findings we have quoted. However, the trial court specifically retained jurisdiction of the case and required by "suggestion" that defendant file an executed waiver of any right to attempt modification of the decree in any other court. The waiver contains her agreement to the sole and continued jurisdiction of the trial court. Plaintiff duly perfected his appeal.

In contending that the trial court erred by granting defendant the summer vacation visitation in Michigan, plaintiff amplifies two main assignments. The first point made is that it was error for the court to indulge in the "extremely hazardous experiment" of permitting the visitation by the children in the State of Michigan. Plaintiff argues that their mere temporary physical presence in Michigan would permit the courts of that state to award custody other than provided by the Missouri decree, and that it is against the policy of Missouri law, generally speaking, to permit removal of minor children affected by divorce decree to foreign states, because Missouri courts would then be impotent to enforce their subsequent orders. Further, plaintiff urges, defendant did not establish a "clear apparency" that the removal of the children from Missouri was to their best interests, and removal of the children to Michigan is indulging in an experiment with them which should not be sanctioned. The second general assignment made by plaintiff is that the court erred in ruling that defendant had sustained her burden of proof to show a sufficient change of condition to warrant the order appealed from.

■ It is a fact, apparent from the face of the record, that the period of time provided for the children's visitation in Michigan has expired. From and after August 5, 1962, the trial court's order granting the visitation has been of no force or effect. Therefore, the questions raised by this appeal have become purely academic and present no actual controversy for decision by this court. Because of the mere lapse of time, the presented issues have become moot. A question is moot when its determination could not have any practical effect upon any then existing controversy. Preisler v. Doherty, 364 Mo. 596, 265 S.W. 2d 404.

■ As a general rule neither appellate nor trial courts will determine moot cases. Personal Finance Company of Missouri et al. v. Day, 349 Mo. 1139, 164 S.W. 2d 273; Joplin Waterworks Co. v. Jasper County, 327 Mo. 964, 38 S.W.2d 1068. Where there is no actual controversy in the appeal before it, an appellate court need not determine the case and ordinarily will dismiss the appeal. Personal Finance Company of Missouri et al. v. Day, supra; State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S.W.2d 8; Preisler v. Doherty, supra.

Plaintiff admits that this controversy is now moot, but insists that the appeal should be decided on the merits "to establish guideposts for future rulings of the trial court when the inevitable repeat of this type of motion for 1963 occurs". Defendant requests that we affirm the order and remand the cause to the trial court with directions "to have the parties appear before it and settle upon dates for a like visitation next year".

In the exercise of our discretion we refrain from rendering a decision on the merits of this case. Any opinion voiced by this court would be merely advisory in nature, since there is nothing of present substance in existence upon which our mandate could operate.

We feel that this court should not undertake to direct, in advance, the future decisions of the trial court on questions involving custody of the children in this case. We are not a court vested with the function of determining such controversies in the first instance. There is no evidence before us on which to base a decision that defendant should or should not be privileged to visit with the children in the State of Michigan in 1963. The only evidence in the record relates to conditions as they existed prior to the summer of 1962.

Whether or not the decree should be modified as to custody and visitation privileges in 1963, or at any other time, rests with the court which has original jurisdiction of this case for trial purposes. Such a determination will have to be made by that court in accordance with the facts that exist and the circumstances that surround the parties whenever the issue is raised by the filing of an appropriate pleading.

 The moot question in this case is not one that falls within the exception, to the general rule, that the reviewing court may in its discretion determine moot questions of great public importance, such as those affecting public rights or interests, when those controversies are likely to recur substantially in the same manner and under the same state of facts. See Lawyers' Association of St. Louis v. City of St. Louis, Mo.App., 294 S.W.2d 676.

Accordingly, the appeal is dismissed.

All concur.