Ross PITTS, a minor by Janel P. Pitts, his natural mother and next friend, Appellant,

v.

BOARD OF EDUCATION OF REORGANIZED SCHOOL DISTRICT R–IX OF GRUNDY COUNTY, Missouri, Richard Owings, D. V. M., Frank Hoffman, Nancy Wade, Jerry Hudson, Grover Snef, and Lyle E. Spillman, in their official capacity as members and administrative officials, Respondents.

No. KCD 29483.

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Millard F. Aldridge, Kansas City, for appellant.

Marvin L. Sharp, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondents.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The petition comes on behalf of a seventeen year old high school student, Ross Pitts, through his parents for evaluation as a *handicapped child* entitled to special educational services within §§ 162.670 et seq., RSMo Cum.Supp.1973. The child was denied assignment for special services by the Grundy County School Board [Board of Education of Reorganized School District R–IX] and then on the reevaluation authorized by § 162.950 was again denied such assignment. The subsequent formal hearing conducted under § 162.961 was also adverse to the student. Review by the circuit court under Chapter 536 affirmed the decision of the Board and this appeal ensued.

A motion to dismiss the appeal for mootness was brought in this court by the respondent Board on the assertion that student Ross Pitts had since removed residence from the Reorganized School District R–IX of Grundy County and so was no longer entitled to educational services from the District. It was shown by affidavit, and conceded on oral argument, that student Ross Pitts and his mother had established new residence in the Chillicothe School District where he had enrolled and completed the sophomore high school year. It was shown also that the Pitts family continued to own the residence within the Grundy County R–IX School District and to pay

lawful taxes. The dual residences were established when the Chillicothe School District, the locale where the mother was employed, agreed to provide the boy with the special services Grundy County had rejected. The mother and son have since continued to live in Chillicothe while the father remains at the Grundy County home.

The law clearly allows "[a]ny person who pays a school tax in any other district than that in which he resides [to] send his children to any public school in the district in which the tax is paid . . . ." § 167.-151.3, RSMo 1969. Thus, the current Chillicothe residence of the boy does not disqualify his enrollment in the public schools of the Grundy County R–IX School District and does not render moot his petition for the special educational services of that District. The petition is made moot, however, by the inability of the judicial process to render a judgment of any practical effect to the petitioner.

Our review of the proceedings requires the conclusion—we presently explain—that an adjudication on the merits of the appeal would require a remand to the Board of Education of Grundy County R–IX School District for a new evaluation of the need of petitioner for special educational services according to the procedures of § 162.961. The boy, now seventeen years of age, has completed the sophomore high school year. The proceedings to evaluate his need for special educational services commenced in July of 1974, when the boy was a seventh grade junior high school student. The administrative procedures brought that issue to the circuit court for review in December of 1974, where decision was not rendered until March of 1977. We are disconcerted that this process of determination has been so laggardly for so cogent a statutory purpose.[1] At best, the process of new administrative evaluation, judicial review and appeal, if followed with all the diligence the

---

1. The statement of policy [§ 162.670] of the Special Educational Services Act is the implementation of Section 1(a) of Article IX of the Missouri Constitution of 1945 which establishes public schools. The Act furthers the constitutional policy for free public education by the requirement that the public schools provide handicapped students with free special educational services. The section concludes with the declaration: "The *timely* implementation of this policy is declared to be an integral part of the policy of this state." [Emphasis added.]

law allows, would require a year to accomplish. By that time, the petitioner would be a senior about to complete his high school career and so thereafter would be ineligible for the special educational services established for handicapped children. § 162.675.-2.

We note, however, that disposition of a proceeding under the Special Educational Services Act for mootness on the ground of impracticality of relief is not apt to recur. The enactment was in 1973 and by that time the petitioner was almost fourteen years of age. It reaches all handicapped students in the public schools of Missouri between five and twenty-one years of age. §§ 162.675.2 and 162.700.1. The enactment aims at the "early recognition, diagnosis and intensive educational services" for the correction of handicap. In the normal course of the administration of these legislative purposes, the detection of learning problems will be at the earliest enrollment and disputes as to the coverage of the law will not altogether impair the benefits to those entitled to receive them.

The present circumstances, fortunately, have allowed the Pitts parents to enroll the boy with the Chillicothe School District for the special remedial education denied by Grundy County. The boy has made marked and continued progress under that regimen. This arrangement, however, comes only at personal and economic cost to the Pitts family—separation of household and additional expense. It is for these reasons that the parents continue to assert their option under § 167.151(3) to enroll the child in the public schools of Grundy County, the district where they pay school taxes.

▆▆▆▆ In the normal course of review an appellate court is bound by determinations of fact of an administrative body found on competent and substantial evidence but not by determinations of law. *Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138, 142[3, 4] (Mo. banc 1975). The decision of the Board to deny student Pitts evaluation as a handicapped child rests on an error of law. The determinations of fact [Numbers 5, 6 and 8, among others] rest on the

premise that a student who exhibits an average performance does not qualify for special educational services under the Act. A *handicapped child* is defined by § 162.-675.2 as a child "under the age of twenty-one years who [has] not completed an approved high school program and *who, because of mental, physical, emotional or learning problems, require[s] special educational services in order to develop to [his/her] maximum capacity."* [Emphasis added.] The Act does not consign a student to an hypothetical median level of achievement but allows optimal personal development where the actual capacity exceeds the average.

The undisputed evidence shows that the boy suffers from organicity—a minimum brain disfunction—manifested by hyperactivity, lack of concentration, distractibility and compulsiveness. The undisputed evidence also shows that the boy tested at a high average I. Q.—within two points of the top of that range. His standing within the average of his class does not reflect a median performance in each area of instruction but the mean between superior learning in some areas, such as reading, and inferior learning in many others, such as spelling and mathematics. This performance is not that to be expected of a boy with the unusual ability in abstract and perceptual concepts shown by his tests. Rather, the expectation was for superior academic work near the top of his class. The determinations of the Board that, in effect, the achievement of average scholastic performance disqualifies for the remedial services of the Act are contrary to law.

We do not reverse judgment and remand to the Board for reconsideration of the evidence on these principles of law. However, since there is no reasonable likelihood that a new adjudication will be sufficiently timely to afford the petitioner any practical relief. *Tootle v. Tootle,* 362 S.W.2d 760, 762[3, 4] (Mo.App.1962).

Accordingly, the appeal is dismissed as moot.

All concur.