## THE STATE ex rel. ADAM HENRY JONES v. GUSTAVUS A. WURDEMAN, Judge of Circuit Court.

In Banc, July 3, 1925.

1. **PROSECUTING ATTORNEY: Acts under Investigation by Grand Jury: Inherent Powers of Court.** The judge of the circuit court does not have inherent power to make an order appointing a temporary prosecuting attorney on the ground that the official acts of the regular prosecuting attorney are under investigation by the grand jury. Nor does the statute (Sec. 742, R. S. 1919) give to the judge authority to appoint a temporary prosecuting attorney to perform all the duties pertaining to such office, including matters in which the regular prosecuting attorney is not personally interested.

2. ———: **Removal without Charges.** The statute makes no provision for the removal from office of a prosecuting attorney until he has been tried and found guilty; nor does it make provision for the appointment of a special prosecutor to perform the duties of the regular prosecuting attorney generally pending his trial for official misconduct.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2383, p. 576, n. 81-82. **District and Prosecuting Attorneys,** 18 C. J., Section 27, p. 1304, n. 68 New; Section 82, p. 1341, n. 85 New; Section 83, p. 1341 n. 99, p. 1342, n. 7. **Prohibition,** 32 Cyc. p. 606, n. 40.

Prohibition.

PRELIMINARY RULE MADE ABSOLUTE.

*Harvey & Baer* for relator.

(1) Relator cannot be removed from his office of prosecuting attorney for official misconduct except for the reasons and in the manner pointed out by Secs. 9175, 9176, 9177, 9178, 9179, 9180, 9181, R. S. 1919. And only by virtue of the provisions of these sections may an officer be removed. State ex rel. Flowers v. Birkhead, 256 Mo. 683. Even if affidavits had been filed against relator he could not be removed from office until found guilty

of the offense set up in such affidavit. Sec. 9180, R. S. 1919. The only power in the court upon the filing of the affidavit required by the statutes is to appoint a "special prosecutor, who shall have power and authority to file a complaint against said prosecuting attorney." Sec. 9177, R. S. 1919. Respondent undertook by a judgment entered of record to remove relator from office and appoint a temporary prosecuting attorney with power to perform all of the duties of the office to which relator was elected. (2) If the prosecuting attorney and assistant prosecuting attorney be interested in any case, "The court may appoint some other attorney to prosecute or defend the cause." Sec. 742, R. S. 1919. The judgment of the court appointing "a temporary prosecuting attorney with authority to discharge in full the office he temporarily fills" is void, because the court does not limit his appointment to any particular cause or inquiry. Sec. 742, R. S. 1919. (3) The recital in the judgment ousting relator that he is "personally interested in certain inquiries to be made by the grand jury this day impaneled," was insufficient to confer jurisdiction in the court to oust relator or even to appoint a special prosecutor, because no facts are averred in said judgment showing the interest of relator. This court has the power to determine whether the appointment was within the power of the circuit court. State ex rel. Keck v. Seibert, 130 Mo. 202. (4) The provisions of Sec. 742, R. S. 1919, requiring that both the prosecuting attorney and assistant prosecuting attorney be interested before the appointment of another attorney is authorized, even to prosecute a given cause, is exclusive, and the court had no inherent power to do so, for such power yields to reasonable legislative restraint. State ex rel. Selleck v. Reynolds, 252 Mo. 369; Ex parte Creasy, 243 Mo. 708; Jones v. Sanderson, 287 Mo. 176; Railroad v. Gildersleeve, 219 Mo. 200. (5) Where power to remove an officer requires notice and hearing, any attempted removal without such notice and hearing is void. State ex rel. Denison v. St. Louis, 90 Mo. 19; State ex rel. Mos-

coni v. Maroney, 191 Mo. 531; State ex rel. Barker v. Crandall, 269 Mo. 44.

BLAIR, J.—This is an original proceeding in prohibition by relator, as Prosecuting Attorney of St. Louis County, against respondent, as judge of the circuit court of said county, to prohibit respondent from enforcing an order made by him as judge of said court on September 18, 1924, appointing Wayne Ely as temporary prosecuting attorney of said county. Our preliminary rule issued, respondent has filed his return, and relator has moved for judgment upon such return. Relator has briefed the case, but respondent has not so favored us.

The petition alleged the official positions of relator and respondent and that relator's term of office would not expire until December 31, 1924; that Wilfred Jones was assistant prosecuting attorney of said county; that on September 18, 1924, respondent, as such judge and without notice to relator, unlawfully and without authority of law undertook to remove and oust relator from his office of prosecuting attorney and to appoint said Wayne Ely to perform the duties of said office. A copy of respondent's said order was attached to said petition and reads as follows:

"The prosecuting attorney of this county being personally interested in certain inquiries to be made by the grand jury, this day impaneled, the court doth appoint Wayne Ely, Esq., a qualified attorney at law of Webster Groves, as temporary prosecuting attorney, with full authority to discharge in full the office he temporarily fills. Oath of said temporary prosecuting attorney filed."

It is then alleged that relator demanded of respondent the right to be heard before said order was entered and was refused such opportunity; that no charge of crime had been made against relator in any court, nor any charge that relator had been guilty of any violation of law or neglect of duty as prosecuting attorney; that

relator was not interested in nor employed as counsel in any case inconsistent with his duty as prosecuting attorney and was not related by blood or marriage to the defendant in any criminal case. The want of power and jurisdiction of respondent to make said order was then charged, and our preliminary rule in prohibition prayed.

Our preliminary rule issued requiring respondent to show cause why our absolute rule should not issue prohibiting him from enforcing his said order of September 18, 1924, and commanding respondent to take no further action until further order of this court. To said rule was attached a copy of relator's petition.

The return of respondent admitted the official positions of relator and respondent. It was alleged that respondent had charged the grand jury then in session as follows:

"Affidavits have been presented to me involving the integrity and effectiveness, as an officer, of our Prosecuting Attorney. It is charged that he has received weekly sums from proprietors of soft-drink parlors for immunity from prosecution; that the owner of the slot machines in operation over the county has also paid him considerable sums. There are persistent rumors and charges that he has been in constant conference with the heads of the criminal gangs heretofore mentioned; that they have subscribed freely to his campaign fund as a candidate for re-election and have wrongfully influenced him in the performance of the duties of his office. These rumors are so persistent and definite that, in justice to the proper administration of the law, and to the Prosecuting Attorney himself, an inquiry must be made by you as to these charges and other charges of corruption, and I have no doubt that he will aid you and the temporary prosecuting attorney hereafter named in every way possible.

"The Prosecuting Attorney being personally interested in the inquiry that you will make in respect to the matters and things heretofore mentioned, I have appointed Wayne Ely, Esq., attorney at law, of Webster

Groves, as temporary prosecuting attorney, with full authority to discharge in every way the office he temporarily fills.''

Thereupon respondent caused to be made the order heretofore set out appointing Wayne Ely as temporary prosecuting attorney. Said return then proceeds:

''Respondent further avers that such order was made in pursuance to the inherent power conferred in this respondent as judge of said court by reason of the circumstances above set forth, as it would be an absurdity for the relator to be present and advise the grand jury in matters in which the official acts of relator were the subject of inquiry.''

Thereafter relator filed his motion for judgment upon the return of respondent.

The pertinent facts alleged in said return, relied upon here by respondent, are that he, as judge of said circuit court, had directed the grand jury to make inquiry and investigation of the conduct of relator in the office of prosecuting attorney and charges of corruption in office by him and that, because relator was interested in the outcome of such inquiry, it was necessary to and respondent did appoint a temporary prosecuting attorney. The power of a judge of the circuit court to make such an appointment, with direction to the temporary prosecuting attorney to perform in full the duties of the regular prosecuting attorney, is the sole question before us.

Respondent rests his authority for the making of such order upon State v. Moxley, 102 Mo. l. c. 384, and Section 742, Revised Statutes 1919. Said section of the statute reads as follows:

''If the prosecuting attorney and assistant prosecuting attorney be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office, or shall be related to the defendant in any criminal prosecution, either by blood or by marriage, the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause.''

It is manifest that said section has reference only to the power and duty of the court to appoint an attorney to prosecute a particular criminal case or cases. Section 743 provides for the appointment of some one to discharge the duties of the office generally; but, under such section, the power exists only if the regular prosecuting attorney is sick or absent. As relator was neither sick nor absent, said section did not confer upon respondent the power he undertook to exercise. Respondent does not contend that he proceeded under Section 743.

Respondent's contention is that he possessed inherent power as judge of the circuit court to make an order appointing a temporary prosecuting attorney, where the official acts of the regular prosecuting attorney are under investigation by the grand jury. In the Moxley case, supra, the appointment of the prosecuting attorney *pro tem* was for a particular case, in which the regular prosecutor had been employed for the defense prior to his election. Such appointment was fully authorized by statute. What was said about the inherent power of the court, if necessary at all to a decision of the case, was because of the fact that the contention was there made that the court had no authority, under Section 642, Revised Statutes 1889 (now Section 742), to appoint an attorney and clothe him with power to sign an indictment. We do not doubt the correctness of the Moxley case. However, it is no authority for the contention made here that respondent had power to appoint a temporary prosecuting attorney to perform all the duties pertaining to such office, including matters in which relator was not personally interested.

In State v. Duncan, 116 Mo. 1. c. 307, the inherent power of the court to appoint a temporary prosecuting attorney was discussed; but the court there found ample authority for such appointment under the provisions of said Section 642, Revised Statutes 1889. It was not necessary to fall back upon any inherent power of the court in that case,

On March 18, 1925, Division Two decided the case of State v. Bobbitt, 270 S. W. 378 (not yet officially reported), wherein it was held that the trial court had inherent power to appoint a temporary prosecuting attorney to prosecute a particular criminal case, where the office of the prosecuting attorney was vacant and had not been filled by appointment. But that case is no authority for the proposition that the circuit court has power to appoint a temporary prosecuting attorney to perform the duties of the office generally, when such office is filled by a regularly elected (or appointed) and acting prosecuting attorney.

Article II, Chapter 77, Revised Statutes 1919, makes full provision for removal from office of such officers as prosecuting attorneys. No provision is made therein for the removal of such officer until he has been tried and found guilty. If an appeal is taken, provision is made for suspension of such officer and appointment of some person to act as such officer pending the appeal. If the charges are filed against the prosecuting attorney, Section 9177 authorizes the court to appoint a special prosecutor to prosecute such charges; but no provision is there made for such special prosecutor to perform the duties of such prosecuting attorney generally during the pendency of the trial.

Without deeming it proper or necessary to consider the power of the respondent to appoint some attorney as temporary prosecuting attorney to conduct the grand jury investigation of the conduct of his office by the regular prosecuting attorney, we hold that respondent had no inherent power to make, clearly exceeded his jurisdiction in making, an order appointing Mr. Ely as temporary prosecuting attorney, "with full authority to discharge in full the office he temporarily fills," and that respondent should be prohibited from enforcing such order.

Perhaps we would be justified in dismissing this case as a moot case. We know from our own records that respondent must have concluded not to attempt to en-

force the order here under consideration. It appears from the files in case No. 26068, Ex parte Adam Henry Jones v. Wurdeman, filed December 12, 1924 (which was a different and later petition for our writ of prohibition against respondent), that respondent, subsequently and on December 4, 1924, made an order appointing Robert A. Roessel as special prosecuting attorney "to assist said grand jury in the presentation of such matters that come before it in which the prosecuting attorney may be personally interested." In that case, on December 27, 1924, by a divided court and without written opinion, we refused to issue a preliminary rule. Notwithstanding this situation, the present case is of such public importance as to require that it be decided upon its merits.

. The preliminary rule heretofore issued is made absolute. All concur, except *Atwood, J.*, not sitting.