Ex Parte Alberta Schrier, Petitioner.—41 S. W. (2d) 178.

Court en Banc, July 29, 1931.

*Howard Sidener* for petitioner.

*Stratton Shartel*, Attorney-General, and *Walter Sloat*, Assistant Attorney-General, for respondent.

RAGLAND, J.—Petitioner is an inmate of the State Industrial Home for Girls. She was committed to that institution as a delinquent child by the Juvenile Division of the Circuit Court of the City of St. Louis. She seeks to be released from her present custody by habeas corpus, on the ground that the judgment or order of commitment is void. She presented a certified copy of such judgment or order on the hearing of this cause; it was as follows:

"Now at this day this cause coming on for hearing comes the defendant in her own proper person, and this cause is submitted to the court upon the petition, evidence and proof adduced, and the court having heard and duly considered the same and being fully advised in the premises doth find the defendant to be a delinquent child within the meaning of that term as defined by the statute relating to delinquent children.

"Wherefore it is considered and adjudged and decreed by the court that the defendant be and she is hereby committed to the State Industrial Home for Girls, Chillicothe, Mo., there to remain for a term of two (2) years or until discharged by due process of law, and that the defendant pay the costs of this prosecution, for which let execution issue."

The petitioner contends that the notification of the parents of a child, if living, and their residence known, or its legal guardian, or if his or her residence is unknown, then some relative, of a proceeding instituted for the purpose of having such child adjudged a delinquent, as provided by Section 14139, Revised Statutes 1929, is jurisdictional, and that, as the record she exhibited in the present proceeding did not show such jurisdictional fact, the judgment of the juvenile court adjudging her a delinquent and committing her to the State Industrial Home is void. [State ex rel. Dew v. Trimble, 306 Mo. 657.] The petitioner did not bring up the entire record of the proceedings had in the juvenile court; she presented merely the journal entry of the judgment and order of commitment. It is not necessary that such entry recite all the jurisdictional facts: it is sufficient if such facts appear from any part of the record. The entire judgment roll must be looked to in order to determine whether the court proceeded without jurisdiction. [2 Freeman on Judgments (5 Ed.) p. 2147, sec. 1030; 15 C. J. 980, sec. 404.] But even if the record as a whole discloses that the person who had the custody or control of the petitioner was not summoned and that no notice of the proceeding was given her parents, or legal guardian, or some relative, it does not follow that the judgment and order of commit-

728

ment are void. The provisions of Section 14139, Revised Statutes 1929, relating to the issuance of summons and the giving of notice are without application in delinquency cases. [Ex Parte Grace Naccarat, *ante*, page 722, decided at this term.]

The petitioner is remanded. All concur.