PAUL W. PREISLER, Appellant, v. MICHAEL J. DOHERTY, DANIEL J. NACK, ISAAC C. ORR, and WILLIAM E. BUDER, as Members of the Board of Election Commissioners of the City of St. Louis; WALTER H. TOBERMAN, Secretary of State of the State of Missouri; THE CITY OF ST. LOUIS, a Municipal Corporation; JOHN M. DALTON, Attorney-General of the State of Missouri; Respondents, No. 43596—265 S. W. (2d) 404.

Court en Banc, March 8, 1954.

*Paul W. Preisler* for appellant (Pro se).

598

*Samuel H. Liberman,* City Counselor, and *Charles J. Dolan,* Associate City Counselor, for respondent City of St. Louis.

*James M. Douglas* and *Thompson, Mitchell, Thompson & Douglas* for respondents, Members of the Board of Election Commissioners of the City of St. Louis.

CONKLING, C. J.—Paul W. Preisler, plaintiff-appellant, and hereinafter called plaintiff, filed this declaratory judgment action in the circuit court of the city of St. Louis on July 28, 1952. The original defendants were Paul C. Calcaterra, Leo J. Hennessey, Sigmund M. Bass and Clifford G. Haley, as the then members of the Board of Election Commissioners of the City of St. Louis, which is hereinafter called "the Board," Walter H. Toberman, Secretary of State, J. E. Taylor, the then Attorney General of Missouri, and the City of St. Louis, a municipal corporation. The first four above named defendants were thereafter, on March 12, 1953, duly succeeded in their respective offices as members of said Board of Election Commissioners by Michael J. Doherty, Daniel J. Nack, Isaac C. Orr and William E. Buder. Defendant, J. E. Taylor, as Attorney General was succeeded on January 12, 1953, by John M. Dalton, as Attorney General of Missouri. On motion of plaintiff this court ordered Michael J. Doherty, Daniel J. Nack, Isaac C. Orr, William E. Buder, and John

M. Dalton substituted as defendants in the place of their above named predecessors in office.

Plaintiff, a resident, taxpayer, and registered voter of the City of St. Louis, filed his action in two counts. Counts I and II contain many identical allegations, but pray different relief. Plaintiff alleged that subsequent to the 1950 census, and pursuant to Section 7 of Article III of the 1945 Constitution of Missouri, the senatorial districts of the State were reapportioned, and that seven of such senatorial districts were apportioned to the City of St. Louis; that purporting to act under Section 8 of Article III, the then Board of Election Commissioners of the city of St. Louis divided that city into seven senatorial districts and certified such new districts to the Secretary of State on February 2, 1952; that the division of the city into said seven districts violated Section 8 of Article III in that the seven new districts are not contiguous and as compact and nearly equal in population as may be, but are irregular, grotesque, without reason, arbitrary and capricious. Plaintiff further alleges that on April 22, 1952, he made a timely ''offer for filing, at the Board of Election Commissioners * * * of his declaration of candidacy for 'State Senator' from the city of St. Louis (at large) on the Non-partisan ticket,'' and complied with all necessary prerequisites of such filing of candidacy.

In Count I plaintiff asserted his right to run for such State Senator (at large) from the city of St. Louis upon the Non-partisan ticket, and prayed the court to decree and declare that plaintiff ''shall have the right and privilege of becoming a candidate for nomination and election for the office of State Senator from the city of St. Louis at large, according to the provisions of RSMo 1949, Section 22.030,'' because the purported senatorial districts did not comply with Section 8 of Article III and that therefore the act of the Board of Election Commissioners designating the senatorial districts was therefore void.

In Count II of his petition plaintiff prays the court to decree and declare that as a resident, citizen, taxpayer and qualified voter he is entitled to vote for State Senators from the city of St. Louis at large under the provisions of Section 22.030 because the seven senatorial districts as designated are void for reasons above noted under Section 8 of Article III.

Each of the defendants filed motions to dismiss both counts of plaintiff's petition. All motions of all defendants to dismiss both counts were sustained by the circuit court. Plaintiff appealed from the judgments thereupon entered.

The cause has been briefed and argued in this court upon behalf of plaintiff and the defendant Board of Election Commissioners. The brief of the defendant city makes but one point, which we later separately notice.

We first consider the trial court's dismissal of Count I, wherein plaintiff on July 28, 1952, prayed the trial court to declare, ''that

plaintiff shall have the right and privilege of becoming a candidate for nomination ▆▆▆ and election for the office of state senator from the city of St. Louis, at large,'' because, plaintiff asserts, the theretofore made division of the city into the seven new senatorial districts was void under Section 8 of Article III.

At the outset, however, we are met with the Board's assertion and contention that the general election for the state senate was held November 4, 1952, and that under Section 18 of Article III of the Constitution of 1945 the state senate is the ''sole judge of the qualifications, election and returns of its own members,'' and since that body has seated those persons elected at the November 4, 1952, election, the issue presented in Count I of plaintiff's petition is now moot.

Plaintiff's reply brief concedes that he ''does not question the title to office of the persons elected to the senate in November, 1952, and seated in January, 1953.'' Plaintiff concedes and asserts that his ''declaration of candidacy was for the primary of August 1952, and the election of 1952,'' that he made a timely offer of filing on April 22, 1952, which offer ''can hardly be considered to be applying to any but the immediately following primary and election of 1952.''

Under Section 18 of Article III of the Constitution the state senate shall be and is ''sole judge of the qualifications, elections and returns of its own members.'' We judicially know as a fact that at the election held on November 4, 1952, state officers, including members of the state senate from the seven new districts in the city of St. Louis, were elected and were seated by that body.

For reasons clearly appearing above we rule that the issue involved in Count I is moot, and that plaintiff cannot now challenge the above redistricting action of the Board of Election Commissioners on the ground that he desired to be a candidate for state senator at the 1952 election.

But plaintiff at length argues that we should rule the issue presented by Count I. He points to the fact that his petition alleges that the refusal of the Board and the Secretary of State to accept his declaration of candidacy ''are of a continuing nature and deprive plaintiff of his rights as a citizen, taxpayer and qualified voter *now* and *hereafter* to become a candidate for the office of State Senator.'' He points also to the language of the prayer of Count I where the court is asked to declare that plaintiff shall have ''the right and privilege of becoming a candidate.''

Plaintiff's contentions are without force or merit. Under the above circumstances the circuit court may not, in any event, make any declaration or decree respecting plaintiff's rights as a candidate for the state senate at the 1952 election. Nor could that court as the pleadings now stand make any lawful declaration or decree as to any mythical future candidacy or election. Plaintiff urges that the court should determine his rights as a candidate for state senator in the future.

Such determination may not be made under Count I of the petition now before us.

Count I of plaintiff's petition alleges that a justiciable controversy exists between plaintiff and defendants in that "plaintiff is claiming a legal right to become a candidate for the nomination for the office of state senator (at the 1952 election) from the city of St. Louis at large."

We rule that the issue presented by Count I of plaintiff's petition is moot. A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy. Personal Finance Company of Missouri v. Day, 349 Mo. 1139, 164 S. W. (2) 273, 274, and cases there cited, Moore v. Smith, 160 Kan. 167, 160 Pac. (2) 675, 678, State v. Zinch, 243 Wisc. 175, 9 N. W. (2) 625, 626, Appeal of Frank Foundries Corp., 323 Ill. App. 594, 56 N. E. (2) 649. See also, State ex rel. Chilcutt v. Thatch, Judge, 359 Mo. 122, 221 S. W. (2) 172. Where there is no actual controversy existing as to a question presented on appeal, the appellate court need not determine ▇ it. Personal Finance Company of Missouri v. Day, supra.

It follows from the above that the circuit court did not err in sustaining the motions of defendants to dismiss Count I of plaintiff's petition.

▇ We come now to a consideration of the ruling of the trial court in sustaining the motions of the various defendants to dismiss Count II of plaintiff's petition.

In Count II, as a resident, taxpayer and qualified voter plaintiff attacks the above redistricting by the Board and contends, as such taxpayer and qualified voter, that the above redistricting of the then Board of Election Commissioners was invalid because it did not comply with Section 8 of Article III, for reasons above appearing, and that therefore he cannot be compelled to vote for state senators from districts, but is entitled to vote for them at large. The redistricting instantly attacked in Count II was before this Court in State ex rel. Sommer et al. v. Calcaterra et al., 362 Mo. 1143, 247 S. W. (2) 728, but that case was not ruled on the merits.

The individual defendant members of the Board of Election Commissioners in this court concede that the trial court erred in dismissing Count II of plaintiff's petition. We examine Count II to determine whether it states facts upon which relief may be granted.

Count II alleges the existence of a justiciable controversy in that plaintiff claims the legal right to vote for the nomination and election of State Senators from the city of St. Louis at large, because:

"since the districts established and certified by the defendant Board of Election Commissioners of St. Louis have been made in violation of Section 8 of Article III of the Constitution of Missouri, which requires '* * * districts of contiguous territory,

as compact and nearly equal in population as may be * * * '
and are therefore unconstitutional and void * * *.''

We have carefully examined Count II, and those parts of Count I incorporated therein by reference. We hold it was the clear and primary intent of Count II, and that it does, invoke a judicial determination of the constitutionality of the act of the Board in that redistricting. The issue of the legality and constitutionality of the redistricting must be first determined, but that issue as to the constitutionality of the redistricting is clearly raised.

In State ex rel. Barrett v. Hitchcock, 241 Mo. 433, 146 S. W. 40, this court stated:

''* * * the authorities uniformly hold that courts have jurisdiction to entertain an action, pass upon the validity of acts apportioning the State into senatorial districts and to declare them invalid for infringement upon the Constitution, or for the failure of the apportioning body to observe the nondiscretionary limitations placed by the Constitution upon their authority, in the formation of the districts.''

We have not departed from the rule announced in that case. See also, Jones v. Freeman, 193 Okla. 554, 146 Pac. (2) 564(1943) and cases there cited.

As a citizen and voter of the city of St. Louis, plaintiff was authorized to seek a judicial determination of the constitutionality of the senatorial districts as such districts were set up by the act of the Board of Election Commissioners. Stiglitz v. Schardien, 239 Ky. 799, 40 S. W. (2) 315, Morris v. Wrightson, 56 N. J. Law 126, 28 Atl. 56, Jones v. Freeman, supra. In ruling that a taxpayer and voter may maintain an action to question the constitutionality of redistricting acts, the Kentucky court in the Stiglitz case, supra, in part said: ''It is not necessary to be a candidate for office in order to raise such questions. The basis of the jurisdiction is that the unconstitutional law infringes that right of a citizen to be equally represented, and it does not rest upon any right peculiar to a candidate for office. The primary right of the citizen, taxpayer, and voter to equality of representation in the law-making bodies in accordance with the Constitution is of greater dignity than his derivative right to be a candidate or even to be a representative. It is the primary rights of citizens that are violated by invalid statutes which the court, in a proper case, may protect by injunction or other process * * *.'' ''* * * The rights of the whole state are linked up with the representation of the several districts. We entertain no doubt of the right of the plaintiff to invoke the power of the court to protect his constitutional rights * * *.''

We adopt the conclusion and reasoning of the last above cited cases.

Count II of plaintiff's petition states a claim as to a matter of which the circuit court had jurisdiction and with respect to which it could

have granted relief. Plaintiff's allegation in the prayer of Count II respecting his right to vote for state senators at large is, of course, dependent upon a finding by the circuit court that the act of the Board creating the seven new districts was unconstitutional and void. That portion of the prayer respecting his right to vote for state senators at large may be treated as surplusage. It is clear to us that the circuit court erred in sustaining motions to dismiss Count II filed by the individual defendant members of the Board, the Secretary of State and the Attorney General.

In its motion to dismiss, the defendant City of St. Louis prayed dismissal as to the city on the ground that plaintiff's petition did not state a justiciable cause of action as against the city. And in its brief filed here, the city of St. Louis asserts that the city "does not have and does not claim any interest in the subject matter of this litigation which could be affected by the declaration of law prayed for by appellant." Plaintiff contends the city is a proper party because under Section 118.130 the city is required to pay all expenses incurred by the Board of Election Commissioners and all costs of registration and elections. It does not appear anywhere that the duties imposed upon the city by the above statute are of such character or nature that they will be in anywise affected by any declaration of law prayed in this case. And plaintiff's petition presents no justiciable question whatever as to the defendant city. The action of the circuit court in sustaining the city's motion to dismiss both Count I and Count II as to the city is therefore affirmed.

The action of the circuit court in sustaining the motions filed by the various defendants to dismiss Count I of plaintiff's petition is affirmed. With the above noted exception of the motion filed by the defendant city of St. Louis, the action of the circuit court in sustaining the motions of the various defendants to dismiss Count II of plaintiff's petition is reversed. The cause is remanded to the circuit court with directions to enter an order overruling the motions of all the defendants, other than the defendant city, to dismiss Count II of plaintiff's petition. It is so ordered. All concur.