**WESTERN AUTO SUPPLY COMPANY, a Corporation (Plaintiff), Appellant,**

v.

**Jack BANNER, Doing Business as Western Tire Auto Stores (Defendant), Respondent.**

No. 29329.

St. Louis Court of Appeals.

Missouri.

March 20, 1956.

Edward T. Matheny, Jr., and Caldwell, Downing, Garrity & Eastin, Kansas City, and Oliver & Oliver, Cape Girardeau, for appellant.

Strom & Spradling, Cape Girardeau, for respondent.

MATTHES, Judge.

Defendant's motion to dismiss plaintiff's petition on the ground that the issues raised by the pleadings had become moot was sustained, and judgment was rendered against plaintiff. From this action plaintiff has appealed to this court.

In substance the petition alleged that plaintiff, a corporation, has conducted its business under the corporate name of Western Auto Supply Company, and under the trade names of Western Auto Stores and Western Auto Associated Stores. Plaintiff's corporate and trade names have acquired a secondary meaning in Missouri, including Cape Girardeau County. It has become well known under its corporate and trade names as a distributor of automobile supplies and accessories, and has established a widespread and favorable reputation with the public in Cape Girardeau County and throughout Missouri; that in 1953, plaintiff did a gross business in excess of $178,230,000. It was further averred that in 1953, defendant opened a store in Cape Girardeau, Missouri, and began selling automobile supplies and accessories under the name of Western Tire Auto Stores; at that time and since 1937, plaintiff had an associated store in the same city; that the style of the business and trade name used by defendant was deceptively similar to the corporate and trade names of plaintiff; and that confusion and uncertainty in identity on the part of the public was likely to result from the deceptive similarity. The petition further alleged, "and this condition will continue so long as defendant uses said name. * * * All of the aforesaid have been to the damage and irreparable injury of this plaintiff, and will continue to cause damage and irreparable injury to plaintiff so long as defendant uses said name."

Plaintiff prayed for a judgment restraining defendant from doing business in Missouri under the name of Western Tire Auto Stores or any other name deceptively similar to plaintiff's corporate and trade names.

Defendant first moved for dismissal of plaintiff's petition for failure to allege facts upon which claimed relief could be granted. Concurrently defendant filed an answer denying the allegations of the petition essential to the relief plaintiff was seeking, and affirmatively alleged matters in justification of his right to use the name of Western Tire Auto Stores. The motion to dismiss was overruled. Thereafter defendant again moved that plaintiff's petition be dismissed, this time claiming the issues were moot in that on January 24, 1955, defendant ceased and discontinued doing business in the City or County of Cape Girardeau under the name of Western Tire Auto Stores or any other name claimed by plaintiff to be deceptively similar to plaintiff's corporate or trade names.

In defendant's brief filed in this court there is this unequivocal statement: "Counsel for Defendant state here and now on behalf of Jack Banner, that he had no intention on January 8, 1955, on March 23, 1955, has no intention now or in the future, to re-enter business in Cape Girardeau, in the State of Missouri, or elsewhere, as and under the name of Western Tire Stores, or any other name deceptively similar to Plaintiff's corporate or trade name."

█ It is a firmly entrenched and fundamental principle of law that a cause is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, could not have any practical effect upon any then existing controversy. Preisler v. Doherty (en banc), 364 Mo. 596, 265 S.W. 2d 404, loc. cit. 407, and cases there cited, and neither the trial nor appellate courts will attempt to determine moot or pretended causes wherein it is demonstrated that there is no actual and real controversy involved, or in which no practical relief can follow a judicial determination of the controversy. Joplin Water Works Co. v. Jasper County, 327 Mo. 964, loc. cit. 978, 38 S.W.2d 1068, loc. cit. 1075; Personal Finance Co. of Missouri v. Day, 349 Mo. 1139, 164 S.W.2d 273; State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172; State ex rel. Dunbar v. Hohmann,

Mo.App., 248 S.W.2d 49, loc. cit. 52; Fugel v. Becker (en banc), Mo.Sup., 2 S.W.2d 743, loc. cit. 746; Hurtgen v. Gasche, Mo. App., 227 S.W.2d 494, loc. cit. 498, 499; Hribernik v. Reorganized School Dist., R–3, Mo.App., 276 S.W.2d 596, loc. cit. 598; Koch v. Board of Regents of Northwest Missouri State College, Mo.App., 265 S.W. 2d 421. These rules are anchored in the basic proposition that courts are not organized and do not function for the purpose of settling abstract or academic questions of law, and if no relief can be granted because that which is sought has already been obtained, the court will not go through the empty formality of deciding whether the relief asked for might have been granted if it had not already been obtained. State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676.

■ Rather than dispute or debate these axiomatic principles, counsel for plaintiff ably and with vigor contend there should be an adjudication upon the merits because: the mere discontinuance of business by defendant did not justify dismissal in the absence of a showing that the menace to plaintiff's rights no longer exists; surrounding circumstances, particularly the position of defendant as disclosed in his first motion to dismiss and in his answer indicate a recurrence of the allegedly improper conduct; and public interest requires an adjudication upon the merits even though a judgment would be ineffective with respect to the controversy joined and made up by the pleadings. We have accorded careful consideration to these contentions as well as the numerous authorities cited in support thereof, but are unable to reach the result contended for by plaintiff.

■ The law is also well settled that a cause may become moot by the act of the defendant in fully complying with plaintiff's demands prior to determination of the case. State ex rel. Dunbar v. Hohmann, supra; State ex rel. Myers v. Shinnick, supra; State ex inf. Gentry v. Long-Bell Lumber Co. (en banc), 321 Mo. 461, 12 S.W.2d 64, loc. cit. 84, 85, 86. When that occurs no justiciable controversy re-

mains in the case. Such is the situation here presented. The defendant discontinued operating the business complained of prior to sustention of defendant's motion to dismiss. As a natural consequence the trade name which defendant had used, alleged by plaintiff to be deceptively similar to its corporate and trade names, passed out of existence in Cape Girardeau, Missouri. Thus plaintiff obtained the precise relief prayed for in the petition.

The apprehension of plaintiff, sincere though it may be, that there is likely to be a recurrence of defendant's alleged improper conduct, is insufficient to remove the proceeding from the category of mootness. Regardless of the defendant's position as reflected in his answer, the defendant not only voluntarily acceded to plaintiff's demand and ceased the alleged wrongdoing, but in this court renounced any intention of again engaging in business under the name of Western Tire Auto Stores or any other name alleged to be deceptively similar to plaintiff's corporate or trade names. In this respect there is a striking similarity to Gruet Motor Car Co. v. Briner, Mo.App., 229 S.W.2d 259, though the renunciation by defendants in that case was made at the conclusion of the defendants' testimony in the trial court. In reversing the action of the trial court which granted an injunction, this court placed considerable emphasis on the renunciation, and held that the trial court's decree could not stand. The holding in the Gruet Motor Car Co. case was in accord with the general rule as announced in 43 C.J.S., Injunctions, § 196, p. 906, and the former holding of this court in Commission Row Club v. Lambert, Mo.App., 161 S.W.2d 732, loc. cit. 736, in which the statement appears which is apropos, as follows: "The court cannot grant an injunction to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will in all probability be committed, to their injury."

■ Plaintiff is correct in asserting that a cause should not be dismissed as

moot where it is disclosed that public interest is involved, and this is true even though plaintiff has received the precise relief sought as the result of defendant's voluntary act. Such contention finds support in the expressions of the courts of this jurisdiction. State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S.W.2d 292; Burke v. Coleman, 356 Mo. 594, 202 S.W. 2d 809; Morrison v. State, Mo.App., 252 S.W.2d 97; State ex rel. Jones v. Wurdeman (en banc), 309 Mo. 408, 274 S.W. 407; Civic League of St. Louis v. St. Louis, Mo., Mo.Sup., 223 S.W. 891.

 We have scrutinized plaintiff's petition and have reached the conclusion that plaintiff cannot avail itself of the force of the rule. The pleadings disclose rather clearly that the joined issue was focused upon the private rights of the parties, nothing more, and therein any resemblance to the cases above cited is lacking. The issue of public interest, if in the case at all, is so remote and inconsequential as to prohibit application of the public interest rule.

Inherent in plaintiff's urging that public interest is in the case is the point that the action is predicated upon infringement of a trade name. It is stated in 87 C.J.S., Trade-Marks, etc., § 211 b, p. 593, that discontinuance of infringement, whether it be of a trade-mark or trade name, pending litigation, is no reason for refusing an injunction. But this authority also announces in the same section that an injunction may be denied if the infringement was discontinued in good faith and there is no reason to believe it will be resumed. Thus each case must stand upon its own bottom, and in the final analysis the court must determine whether the factual situation before it justifies a trial upon the merits. We find nothing in the instant record compelling us to hold that the alleged infringement was not discontinued in good faith, and that defendant will not refrain from further infringement.

From the foregoing it should be obvious that we are dealing with a case in which it is evident that plaintiff obtained the relief asked for, including the taxing of the costs against defendant. That being true, a trial would have been an empty formality, and an after trial judgment "could not have any practical effect upon any then existing controversy." Preisler v. Doherty, supra, 364 Mo. 596, 265 S.W. 2d 404, loc. cit. 407.

The judgment should be and is affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.