**EUCLID TERRACE CORPORATION, a Corporation, and James Simkin, Petitioners (Appellants),**

v.

**GOLTERMAN ENTERPRISES, INC., a Corporation, Defendant (Respondent).**

No. 30358.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

Richard J. Mehan, St. Louis, for appellants.

Forrest M. Hemker, Thomas A. Handley, Greensfelder, Hemker & Wiese, St. Louis, for respondent.

DOERNER, Commissioner.

Appellants, Euclid Terrace Corporation and James Simkin, appeal from an adverse judgment of the Circuit Court of the City of St. Louis denying their petition to redeem from foreclosure certain real estate of which the corporate appellant had been the record owner. No reason is assigned why the individual appellant joined in the petition to redeem; presumably it may have been thought that since, as he testified, he owned all of the stock in the corporate appellant, it was merely his alter ego.

The property involved is situated in Block 3885 of the City of St. Louis, and fronts approximately 98 feet on the west line of Euclid Avenue. The predecessor in title of appellant Euclid Terrace Corporation was one Opal J. Emde, who on March 25, 1955, executed and delivered to Gloria Zewiski a negotiable promissory note for $170,000 due six months after date, with interest from date at the rate of 5%, which note was secured by a deed of trust on the real estate here involved. Subsequently, on February 1, 1956, Opal J. Emde executed and delivered to Gloria Zewiski another negotiable promissory note for $20,000 due March 31, 1956, with interest from date at the rate of 8%, secured by a second deed of trust on the same property. Appellants' evidence was that Opal J. Emde was, in fact, the straw party for James Simkin and that on April 12, 1956, Simkin had Emde convey the title to Euclid Terrace Corporation, which Simkin had caused to be organized.

Both notes and deeds of trust being in default, on December 26, 1956, a written agreement was entered into by the Euclid Terrace Corporation and James Simkin on the one hand, and Gloria Zewiski on the other, by which it was agreed that the maturity of each of the two notes was extended to June 30, 1957 and that interest on both from January 1, 1957, to the new maturity date was to be at the rate of 6% per annum, and 8% thereafter. This agreement was not signed by Gloria Zewiski but was signed by Edward L. Weise as her attorney.

Default was again made on both notes and deeds of trust. Thereupon, at the request of the respondent, the trustee foreclosed under the second note and deed of trust on September 24, 1957 and the property was bought in at the sale by the respondent. On the same day, but prior to the sale, appellants served upon the trustee a notice of their intention to re-

deem, and on October 12, 1957, appellants served upon Edward L. Weise, as attorney for respondent, a notice that it would, on October 14, 1957, file in the Circuit Court its petition to redeem. A copy of the petition and redemption bond accompanied the notice served on Weise. The transcript discloses that the petition and bond were filed on the latter date, presented to the court below, and that the hearing on the petition and bond was continued to October 23, 1957. The record further reveals that the hearing was commenced on that day but because of the press of other matters on its docket was continued by the court until October 31, 1957, on which day the hearing was concluded.

Respondent stipulated at the hearing that Gloria Zewiski, the payee named in both promissory notes, was its nominee, and that it was, in fact, the owner and holder of both notes and deeds of trust. Appellants offered its redemption bond, in the amount of $12,000 executed by both appellants as principals and by one Harvey E. Morris as surety. On behalf of appellants, Simkin testified as to his method of computing the amount of the bond, and the authority given him by the corporate appellant to redeem the property. Morris, also called by appellants, testified as to the nature and extent of his property and the state of his financial condition. At the conclusion of the hearing on October 31, 1957, the court below entered a judgment finding " * * * that the petitioners are not entitled to the relief prayed for in their petition" and adjudging " * * * that the petition herein be and the same is hereby denied * * *."

Neither appellants nor respondents requested the court below to make findings of fact and conclusions of law, for which reason the record does not disclose the basis of the trial court's decision. In its brief, respondent urges a number of grounds to sustain the action of the trial court: (1) because the redemption bond presented by appellants was in an insufficient amount; (2) because appellants' service on respond-

ent's attorney, rather than on respondent, of the notice of their intention to file their petition to redeem and their redemption bond was a nullity, so that the court lacked jurisdiction of the matter; (3) because appellants failed to present and obtain approval of the redemption bond within the statutory 20 day period following the foreclosure sale and thereby lost their right to redeem; and (4) because the evidence presented a conflict as to the authority of James Simkin to institute the redemption proceedings and to execute the redemption bond on behalf of the corporate appellant. Appellants contend, on the other hand, that they strictly followed the requirements of the statutory redemption proceedings as provided for in Section 443.410 et seq. RSMo 1949, V.A.M.S.; that the redemption bond was in the proper amount, and was executed by a good and sufficient surety; and that the court therefore erred in denying their petition to redeem.

In addition to the foregoing points, respondent also contends that this appeal has become moot because appellants failed to redeem, or to offer to redeem, the property foreclosed within the year following the foreclosure sale. We believe this contention is well taken.

■ A cause is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, could not have any practical effect upon any then existing controversy. Preisler v. Doherty, 364 Mo. 596, 265 S.W. 2d 404; Western Auto Supply Co. v. Banner, Mo.App., 288 S.W.2d 402. Our Missouri reports abound with examples of issues which, for one reason or another, have become moot subsequent to the time when the appeal was taken. Thus, the enactment of a statute or an ordinance may render a question moot. Fugel v. Becker, Mo., 2 S. W.2d 743; Hicks v. City of St. Louis, 234 Mo. 647, 138 S.W. 342. Or the occurrence of some event may make it impossible for the appellate court to grant effectual relief on appeal. State ex rel. Winkelman v.

Westhues, Mo., 269 S.W. 379; State ex rel. Ashton v. Imel, 243 Mo. 174, 147 S.W. 992. And lapse of time may create a condition which may cause a controversy involved in a case to become a mere moot question. Preisler v. Doherty, supra; Personal Finance Co. of Missouri v. Day, Mo.App., 158 S.W.2d 197, affirmed 349 Mo. 1139, 164 S.W.2d 273; Corken v. Workman, 231 Mo.App. 121, 98 S.W.2d 153; Fugel v. Becker, supra; State ex rel. Kimbrell v. People's Ice, Storage & Fuel Co., 246 Mo. 168, 151 S.W. 101. When such a condition arises, pending the appeal, as a general rule the appeal will be dismissed. Fugel v. Becker, supra.

The method of effecting a statutory redemption, as distinguished from an equitable redemption, is provided for by Sections 443.410 to 443.450, inclusive, RSMo 1949, V.A.M.S. The owner of an equity of redemption can effect such a redemption only in the manner and on the conditions prescribed in the statutes and compliance with the statutes is essential. State ex rel. Hopkins v. Stemmons, Mo.App., 302 S.W.2d 51; Dawson v. Hetzler, 230 Mo.App. 737, 74 S.W.2d 488. Section 443.410 provides that all real estate foreclosed under a deed of trust, which is purchased by or for the holder thereof, shall be subject to redemption within one year from the date of sale provided that the owner of the equity of redemption gives certain notice and that he " * * * shall within said year pay the debt and interest or other obligation secured by such deed of trust and to accrue thereon together with all sums paid out by any holder thereof or purchaser at such sale or holder of the rights of such purchaser for interest and principal and either of any prior encumbrances, and for taxes and assessments and all legal charges and costs of the sale."

As stated, the foreclosure sale of the property here involved occurred on September 24, 1957. Hence, the statutory redemption period of one year expired while this appeal was pending. At the hearing of this case on June 3, 1959, counsel for ap-

pellants admitted that appellants had neither paid nor offered to pay, within the year following the foreclosure sale, the amount necessary to effect the redemption. It is clear that the statutory requirement that payment "shall" be made within one year is mandatory rather than merely directory. Compare White v. Huffman, Mo.App., 304 S.W.2d 909; State ex rel. Hopkins v. Stemmons, supra. Had appellants' redemption bond been approved by the trial court it would still have been incumbent upon them to have paid respondents the required amount within the year following the foreclosure sale, and unless they had done so they would have lost their right of redemption. Section 443.440. Hughes v. Hughes, Mo.App., 253 S.W.2d 500; House v. Clarke, Mo., 187 S.W. 57. No reason has been suggested by appellants, and we can think of none, why appellants should be given any longer time merely because their appeal was pending from the judgment denying their petition to redeem. Even in an equitable redemption it is necessary for the owner of the equity of redemption, as a condition of relief, to pay the redemption money to the purchaser of the property at the sale. Alfred v. Pleasant, Mo., 175 S.W. 891; Kline v. Vogel, 90 Mo. 239, 2 S.W. 408. And since appellants lost their right to redeem by failing to make the payment to respondent of the required amount within the year following the foreclosure, the issues presented by their appeal have become moot.

Lest it be thought that appellants' rights have been lost through any delay attributable to the judicial process, it should be noted the transcript and our records show that the abnormal lapse of time between the taking of their appeal and the hearing of this case was due entirely to procrastination on the part of appellants; the time for the filing of their transcript was twice extended by the trial court, and once by the Supreme Court, at appellants' request, and the transcript was not, in fact, filed in that court until long after the one year period for redemption had expired. Fur-

thermore, appellants erroneously appealed to the Supreme Court, which transferred the case to this court, where it was heard as promptly as the state of our docket permitted. In justice to appellant's counsel of record in this court, it should be made clear that he did not enter his appearance in this case until more than a year had elapsed after the appeal was taken, the appellant having twice changed counsel between the time the appeal was taken and the day we heard the case.

For the reasons stated, the Commissioner recommends that the appeal be dismissed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the appeal is dismissed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.