STATE of Missouri at the relation of Alan WEBER and Meryl Weber, Minors, by Sam Weber, Next Friend (Petitioners), Appellants,

v.

George W. VOSSBRINK, County Superintendent of Schools (Respondent), Respondent.

No. 30366.

St. Louis Court of Appeals.

Missouri.

March 15, 1960.

Irvin Dubinsky, Sam Weber, for appellants.

Wm. E. Gallagher, St. Louis County Counselor, John A. McCarty, First Asst. St. Louis County Counselor, Clayton, for respondent.

BRADY, Commissioner.

This is a mandamus action instituted August 23, 1958, in the name of the State of Missouri at the relation of the two minor children of their next friend, against the County Superintendent of Schools of St. Louis County. The trial court issued its alternative writ, and respondent made his return and later filed a motion to dismiss the cause and to quash the alternative writ. The trial court sustained this motion, and dismissed the petition after dissolving the alternative writ, after consideration of an agreed statement or stipulation of facts and memoranda from counsel. The statement of facts shows that the minors were 17 years of age at the filing of the action, and were then seniors in the University City High School, located at Hanley Road and Balson Avenue in that city, having attended that school for three years. In March of 1958, the family moved from University City to the City of Olivette, which city is within the Ladue School District with the high school located at Conway and Warson Roads. Both the University City District and the Ladue District are six-director city school districts which lie in urban areas having paved streets and other facilities. The area lying between the petitioners' home and Ladue High School is relatively flat ground, and there are no natural hazards or obstructions between the home and the high school. On July 9, 1958, the petitioners requested the respondent to assign them to the University City High School, and on August 4, 1958, respondent refused this request. The petitioners contend that the University City High School is "more accessible" for them than the Ladue High School because: (1) the residents of their area have a car pool going to the University City High School; (2) that school is 2.5 miles from their home, while the Ladue High School is 3.5 miles, both distances figured by the shortest and most direct route; (3) bus transportation to the Ladue High School is by means of a public service bus which travels a more circuitous route and costs $1 a day for both children; and (4) that the street on which they now live is being opened at its east end to attach to a street in University City which will shorten the distance to that high school by about one-half to three-quarters of a mile.

The appellants' motion for directed verdict, or in the alternative for a new trial, was overruled, and this appeal followed. Respondent's motion to dismiss this appeal was taken with the case. That motion was based upon the fact that the minor petitioners did attend University City High School in the school year of 1958–59 and graduated from that school on June 10, 1959. In response thereto, the next friend has filed an affidavit in which he sets forth the payment, by him, of $500 for each child as tuition, and states:

"* * * that your affiant enrolled said children and paid said tuition because he believes that once his right to have said assignment made is established he will be reimbursed under the provisions of said statute."

Relators requested their assignment to the University City High School under the provisions of Section 165.253 RSMo 1949, V.A.M.S. The parts of that section pertinent to this question here involved are as follows:

"* * * If any pupil is so located that a school in another district is more accessible, the county superintendent shall have the power and it shall be his duty to assign the pupil to the other district * * * and the

board of directors of the district in which said student lives shall pay the tuition of such pupil or pupils so assigned * * *."

█ It is clear that to require the respondent to assign the petitioners to the University City High School would be compelling a useless act. Petitioners have already graduated from that very school. In Western Auto Supply Co. v. Banner, Mo.App., 288 S.W.2d 402, this court gave voice to the principles that determine the issues in this appeal. At loc. cit. 403 and 404, this court held that:

"It is a firmly entrenched and fundamental principle of law that a cause is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, could not have any practical effect upon any then existing controversy. Preisler v. Doherty (en banc), 364 Mo. 596, 265 S.W.2d 404, loc. cit. 407, and cases there cited, and neither the trial nor appellate courts will attempt to determine moot or pretended causes wherein it is demonstrated that there is no actual and real controversy involved, or in which no practical relief can follow a judicial determination of the controversy. Joplin Water Works Co. v. Jasper County, 327 Mo. 964, loc. cit. 978, 38 S.W.2d 1068, loc. cit. 1075; Personal Finance Co. of Missouri v. Day, 349 Mo. 1139, 164 S.W.2d 273; State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172; State ex rel. Dunbar v. Hohmann, Mo.App., 248 S.W.2d 49, loc. cit. 52; Fugel v. Becker (en banc), Mo.Sup., 2 S.W.2d 743, loc. cit. 746; Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494, loc. cit. 498, 499; Hribernik v. Reorganized School Dist. R–3, Mo. App., 276 S.W.2d 596, loc. cit. 598; Koch v. Board of Regents of Northwest Missouri State College, Mo.App., 265 S.W.2d 421. These rules are anchored in the basic proposition that courts are not organized and do not

function for the purpose of settling abstract or academic questions of law, and if no relief can be granted because that which is sought has already been obtained, the court will not go through the empty formality of deciding whether the relief asked for might have been granted if it had not already been obtained. State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676."

█ It follows that this controversy is now moot, and respondent's motion to dismiss should be sustained unless petitioners' counsel is correct when he contends that this court should determine the issues here involved because: (1) the determination of this cause can be of practical and substantial benefit; and (2) because there is a substantial public interest involved.

█ The determination of this cause on its merits can have substantial and practical effect upon petitioners' counsel, father and next friend, but not upon petitioners. He is the one who has paid out this money, and it is he who will be reimbursed for it, if that is the ultimate result. The fact that the petitioners might, in turn, benefit as the family unit benefits from their parent's reimbursement is not the substantial, practical relief required by the decisions of this state in order to prevent the cause from becoming moot. Western Auto Supply Co. v. Banner, supra; State ex rel. Dyer v. Union Electric Co., Mo.App., 312 S.W.2d 151. Moreover, the determination of this case can have no practical effect on any existing controversy, but only on a controversy that may arise in the future between the next friend and whoever he proceeds against to recover the tuition he paid to enable petitioners to attend the University City High School.

█ We believe the distinction between this case and that of Morrison v. State, Mo.App., 252 S.W.2d 97, a decision of the Kansas City Court of Appeals where the court passed upon the merits of a case wherein a parent objected to surgery which

was performed upon his child which had been declared neglected, stating that an appellate decision would tend to clarify the rights of the parties involved in the event of a later damage suit, is obvious from a reading of that opinion. In the Morrison case, the issue as to whether or not the case was moot was waived by the respondent therein, while in the case now under consideration, respondent strenuously urges his motion to dismiss based on that ground. There is another distinction. The Morrison case was an appeal from an order finding a child to be neglected, within the meaning of the laws then in force relating to neglected and delinquent children in first and second class counties as in force prior to the Act of 1957 (Laws of Missouri, 1957, p. 642, V.A.M.S. § 211.011 et seq.) which enacted the present Juvenile Code of this state. Under the provisions of Sec. 211.040, supra, then in force, the parents, who had custody of the child, were summoned and thus were parties. Ex parte Naccarat, 328 Mo. 722, 41 S.W.2d 176; Ex parte Schrier, 328 Mo. 726, 41 S.W.2d 178. The same was true of the case of People ex rel. Wallace v. Labrenz, 411 Ill. 618, 104 N.E.2d 769, 30 A.L.R.2d 1132, cited by the Court in the Morrison case. In this case, the parent claiming a justiciable controversy was not a party to this litigation, but merely one who acts for the benefit of the infants and who is admitted to court for the purpose of prosecuting for the infant. As next friend, he is to be considered as an agent or officer of the court. Crawford v. Amusement Syndicate Co., Mo., 37 S.W.2d 581. It is clear that a next friend is not a party to the litigation except as a statutory vehicle to enable the infants to prosecute their action. Section 507.110 RSMo 1949, V.A.M.S.

■ Neither do we find any public interest present in this case such as to require a decision on the merits. Each case would have to depend upon its own facts; where the parties lived, the distance from each school, the availability of transporta-tion, the accessibility of routes, etc. State ex rel. Dyer v. Union Electric Co., supra; Western Auto Supply Co. v. Banner, supra.

It follows that the motion to dismiss this appeal, based on the ground that there is no longer a justiciable controversy requiring this court's ruling, should be sustained and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court, and the motion to dismiss the appeal is sustained.

WOLFE, P. J., RUDDY, J., and SAM C. BLAIR, Special Judge, concur.