**STATE of Missouri, ex rel. Joy SEIDL et al., Respondents,**

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, Arthur Nahlik, President, et al., Appellants.**

**No. 37549.**

Missouri Court of Appeals, St. Louis District, Division Two.

March 15, 1977.

Anderson, Brooking, Hammon & Dieffenbach, John W. Hammon, Hillsboro, for appellants.

Pannell, Dodson & Robinson, R. J. Robinson, Festus, for respondents.

McMILLIAN, Presiding Judge.

Appellants, Jefferson County Board of Education (Board), appeals from an order issued by the circuit court of Jefferson County, Missouri, issuing a peremptory writ of mandamus, commanding it to reassign respondents' children to the Festus School District.

The Board contends that the court erred because respondents neither pleaded nor proved an abuse of discretion, nor sufficiently specified the relief sought. It further argues that respondents have only a doubtful right to the remedy sought; consequently, the writ should not issue.

Respondents contend that it was within the discretion of the Board to determine the relative accessibility of the schools and that the order was properly issued upon a find-

ing of abuse of discretion. Both parties expend much effort on appeal arguing the facts of accessibility. The Board claims that the DeSoto schools are more accessible and therefore the order is in error, while respondents claim that the Festus schools are more accessible.

An amicus curiae brief, prepared on behalf of the DeSoto Public School District, raises one additional issue. It claims the cause is moot on account of a change in conditions and because the school year 1974–75, which was the subject of the peremptory writ, is now passed.

A simple set of facts is the basis of this litigation. On July 12, 1974, the board met to consider the applications for transfer of certain school pupils. Section 167.121, RSMo 1959 (Amended by Laws 1973, effective July 1, 1974), provides:

"If any pupil is so located that a school in another district is more accessible, the county board of education shall assign the pupil to the other district. The board of education of the district in which the pupil lives shall pay the tuition of the pupil assigned. The tuition shall not exceed the pro rata cost of instruction."

Testimony at trial was primarily that of board members and parents. The transcript reveals that while there was some general discussion of the applications, there was no individual inquiry into the situation of each child. The Board adjourned for about fifteen to thirty minutes and voted. Upon return, the Board announced its decision to deny all of the transfer applications. The Board president explained the Board's position in the minutes of the meeting as follows:

" '. . . the Board had a responsibility to represent all the students of Jefferson County. The action requested would not affect this group only but would establish a precedent that could have an adverse affect (sic) on all school districts within the county.' "

The testimony showed that the Board members were, at the time of their determination, unaware of the judicial interpretation given "accessibility" by the Missouri Court of Appeals, Kansas City, in the case of *Haymart v. Freiberger*, 498 S.W.2d 590 (Mo.App.1973). They believed that any school which provided bus transportation was accessible. One board member stated that mileage was not a consideration. Fear of setting a precedent for other transfers was the most cited reason for denial.

At trial both sides introduced evidence seeking to prove that one school was more accessible than the other. They discussed the safety of Highway 110, over which the children must travel to reach the DeSoto schools, the availability of after-school activities at each school, and the accessibility to a hospital for a diabetic child. Evidence on the mileage from homes to school was estimated and presented. The total amount of time children would spend away from home each day was considered.

On July 23, 1975, the circuit court issued the writ ordering the reassignment of five children. The court found that the remaining children were attending schools equally accessible as the Festus schools and did not include them in the order. We find that the Board failed to exercise its discretion in this matter because it did not consider the statutory factors under § 167.121, RSMo 1959 As Amended. We further find, that the circuit court should not have made its writ peremptory, commanding the Board to reassign respondents' children. But rather should have remanded the cause to the Board and ordered them to proceed in accordance with § 167.121, RSMo 1959.

■ The amicus curiae brief contends that this cause is moot. Were this so, we would proceed no further in consideration of the case. As a general rule courts will not decide moot cases but will dismiss them. *Personal Fin. Co. v. Day*, 349 Mo. 1139, 164 S.W.2d 273 (Mo.1942); *Joplin Waterworks Co. v. Jasper Co.*, 327 Mo. 964, 38 S.W.2d 1068 (1931); *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 152 S.W.2d 8 (1941); *Preisler v. Doherty*, 364 Mo. 596, 265 S.W.2d 404 (Mo.1954); *Tootle v. Tootle*, 362 S.W.2d 760 (Mo.App.1962) and *State ex rel. Weber v. Vossbrink*, 333 S.W.2d 298 (Mo.App.1960).

We do not, however, agree that the cause is moot.

■ *State ex rel. Weber v. Vossbrink*, supra, is relied upon to support the contention. There, as here, a writ of mandamus was sought to require reassignment of children to a high school outside of the district in which they lived, on the ground that it was more accessible. While the case was pending the children attended and graduated from the out-of district school, with the parents paying tuition. This court dismissed the case stating: "It is clear that to require the respondent to assign the petitioners to the University City High School would be compelling a useless act. . . ." *Id.* at 301. The court found that the only remaining controversy was a claim by the parents against the school district for reimbursement of the tuition paid and that this claim should be brought in a separate action. While it is true that the school year for which the writ was issued has passed, the children in the instant case are still attending school. To reassign them now would not be a useless act.

The principles that decide this issue were set forth by this court in *Western Auto Supply Co. v. Banner*, 288 S.W.2d 402 (Mo. App.1956):

"It is a firmly entrenched and fundamental principle of law that a cause is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, could not have any practical effect upon any then existing controversy . . and neither the trial nor appellate courts will attempt to determine moot or pretended causes wherein it is demonstrated that there is no actual and real controversy involved, or in which no practical relief can follow a judicial determination of the controversy. . . . " (*Id.* at 403–404)

The practical effect of a decision now would be to reassign the children for the remainder of their school years. The controversy is over which school the children should presently be attending.

■ In mandamus proceedings, the general rule is that mandamus will not lie to control the discretionary act of an administrative body, *State ex rel. Lane v. Kirkpatrick*, 485 S.W.2d 62 (Mo.1972). Professor Kenneth Culp Davis defines discretionary acts as follows:

"An officer who decides what to do or not to do often (1) finds facts (2) applies law, and (3) decides what is desirable in the circumstances after the facts and law are known. The third of these functions is customarily called 'the exercise of discretion. . . .'" (Davis, Discretionary Justice, p. 4)

This court has put it: " . . . Determination of facts or a combination of facts and law are quasi-judicial functions, and not ministerial and this discretion can not be coerced by the courts. . . . " *State ex rel. Rock Road Frontage, Inc. v. Davis*, 444 S.W.2d 43, 46 (Mo.App.1969). See also *State ex rel. Hand v. Bilyeu*, 346 S.W.2d 221 (Mo.App.1961). In the case at bar the Board was vested with the statutory power to determine the facts and the law. They then had the authority to apply the law to the facts and decide which school each child should attend. The court is asked to make that decision for them. The act which respondents seek performed is a discretionary one, therefore mandamus generally will not issue to control that act.

■ On petition for writ of mandamus, respondents alleged abuse of discretion. Discretion abused assumes discretion exercised. The Board did not engage in fact finding. They based their decision on fear of setting a precedent rather than on the law as applied to respondents. "Accessibility" is given meaning by the recent decision, *Haymart v. Freiberger,* supra, which held that proximity, road hazards and availability of school services are factors to be considered in determining accessibility. The opinion of the attorney general, No. 38, issued April 16, 1959 and construing a prior statute lists "distance, road conditions, traffic hazards, as well as the operation of school buses for the transportation of pupils." Apparently the Board was, in fact, unaware of these rulings. It failed to ascertain the meaning of the law or apply it

to respondents. It did not exercise its discretion. A similar case arose concerning issuance of permits to construct and operate a gas station. *State ex rel. Rock Road Frontage v. Davis,* supra. In that case the town council denied a hearing based on the mistaken belief that the proposed station would be on a three corner intersection and therefore automatically in violation of the zoning ordinance. In a mandamus action to compel issuance of the permits, this court held that the council had not yet exercised its discretion, as it had not applied the statutory scheme to the proposed station. Mandamus was not issued.

 Exception to the general rule is that in cases of undisputed facts, where the discretion of the official could legally be exercised in only one way, the court may issue mandamus to control discretionary acts. *State ex rel. Kopper Kettle Restaurant, Inc. v. City of St. Robert,* 424 S.W.2d 73 (Mo.App.1968) and *State ex rel. Burke v. Ross,* 420 S.W.2d 365 (Mo.App.1967). Here, however, the facts of this case are not such that the Board's discretion could be exercised in only one way. A number of factors were presented at trial, which apparently were not presented to or considered by the Board. They include (1) convenience for working parents; (2) health of the children; (3) safety of the roads; (4) availability of bus transportation; (5) extra-curricular activities and (6) the number of hours the children would be away from home. The amicus curiae brief claims that the now reconstructed Highway 110 is one of the newest and best in the area. Reasonable people could disagree as to the weight and sufficiency of each of the factors. Consideration of these factors must be made as to each individual child. We are unable to say how the Board would exercise its discretion when considering the proper factors. We feel the Board should be given the opportunity to so exercise its discretion.

Error is also predicated on procedural issues including a question of the conformity of the peremptory writ to the alternative writ and the issuance of a writ to the Board despite the fact that the Board had two

new members who were not parties to the litigation. In light of our resolution of this case, we feel it is unnecessary to reach these issues.

For the foregoing reasons the writ is dissolved and the case is reversed and remanded to the trial court with instructions to issue a writ of mandamus commanding the Board to exercise its discretion.

SMITH and STEWART, JJ., concur.